(October 3, 1985)

■ In the Matter of HANNAH KOMANOFF, Respondent, v ISABEL DODD et al., Respondents, and BRUCE NYMAN et al., Appellants.—In a proceeding pursuant to Election Law article 16, *inter alia,* for a judgment directing a new Democratic Party primary election for the public office in the 20th Assembly District of Supervisor of the City of Long Beach, Bruce Nyman and Richard Blum appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated September 26, 1985, as denied an application to dismiss the proceeding for lack of personal jurisdiction over the respondents constituting the Nassau County Board of Elections.

Order affirmed insofar as appealed from, without costs or disbursements.

Special Term properly denied the application to dismiss the proceeding for lack of personal jurisdiction over the respondents constituting the Nassau County Board of Elections, rejecting the claim of appellants Nyman and Blum that petitioner failed to serve the order to show cause signed September 18, 1985, in a proper fashion. The pertinent provision of the order to show cause states: "FURTHER ORDERED that the service upon Respondents DODD and LOWENSTEIN [constituting the Nassau County Board of Elections] be made by personal service of a copy of this order and its supporting papers upon the Nassau County Attorney on or before the

19th day of September, 1985". It was conceded that a copy of the order to show cause and supporting papers were personally delivered to the offices of the County Attorney of Nassau County on September 19, 1985, and that they were left with a receptionist who acknowledged receipt of the same by stamping and signing the original. Appellants Nyman's and Blum's claim that service was defective because the papers were not delivered to Edward G. McCabe, the County Attorney himself, is without merit. Service upon a receptionist in the office of the County Attorney charged with the duty of receiving these papers and clocking them in, as the receptionist here was charged with doing, was sufficient compliance with the court's direction in the order to show cause *(see, Avery v O'Dwyer,* 201 Misc 2d 989, *mod on other grounds* 280 App Div 766, *affd* 305 NY 658; *Matter of Whelan v Denver,* 19 Misc 2d 249). Thompson, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.