■ GERALDINE DI NOTTE, Individually and as Administratrix of PETER C. DI NOTTE, Deceased, Appellant, v COUNTY OF WESTCHESTER et al., Respondents.—In a medical malpractice action, plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered September 19, 1984, as denied her application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) with respect to her first and second causes of action.

Order reversed insofar as appealed from, as a matter of discretion, with costs, plaintiff's application for leave to serve a late notice of claim with respect to her claims for decedent's conscious pain and suffering and her own derivative claim granted, said notice of claim deemed served, and the fifth and sixth affirmative defenses asserted in defendants' amended verified answer are dismissed.

"The rationale for requiring one who sues a public corporation to file a notice of claim within 90 days is far less cogent

and realistic in a medical malpractice case than in one for traditional negligence" *(Dickey v County of Nassau,* 65 AD2d 780, 781). Where, as here, the plaintiff's decedent was totally incapacitated, mentally and physically, and where he was continuously confined to the same medical institution until his death, the ameliorative provisions of General Municipal Law § 50-e (5) are particularly appropriate. Inasmuch as defendants had actual knowledge of the essential facts constituting the subject claims by virtue of their exclusive possession of the pertinent hospital records, there can be no claim that defendants were in any way prejudiced by plaintiff's delay in serving a notice of claim. Accordingly, the court erred in denying the application for leave to serve a late notice of claim on the causes of action to recover damages for conscious pain and suffering and loss of services. Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.