■ CARMEN A. MUFALE, Respondent, v ROBERT D. ROMEO, Appellant.—Order, insofar as appealed from, unanimously reversed, on the law, without costs, and application for stay denied. Memorandum: After the parties agreed to submit a fee dispute to arbitration by the Bar Association, the attorney advised the panel chairperson by letter of the items he intended to submit to arbitration. Included were two items that had not previously been discussed by the parties. Petitioner responded to that letter, but did not object to submission of the additional items to arbitration. Petitioner then attended a prehearing settlement conference and discussed the additional items at the conference. Some seven months after the attorney's letter raised the additional items for consideration and three months after the conference, petitioner applied for a stay of arbitration, which was granted. Petitioner's conduct constituted participation in the arbitration process and a waiver of the right to apply for a stay of arbitration (CPLR 7503 [b]).

Further, there is a reasonable relationship between the disputed claims and the general subject matter of the underlying agreement. Thus analysis of the scope of the agreement should be left to the arbitrator *(see, Matter of Nationwide Gen.*

*Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 96). (Appeal from order of Supreme Court, Onondaga County, Grow, J.—arbitration.) Present—Denman, J. P., Green, Pine, Balio and Schnepp, JJ.