■ In the Matter of NICHOLAS LEWIN et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [657 NYS2d 734] —In a proceeding, in effect, for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the County of Suffolk appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated March 1, 1996, which granted the application.

Ordered that the order is affirmed, with costs.

The petitioner Angelique Lewin alleged that she and her husband rented a summer home on the so-called "bay side" of the Fire Island community of Davis Park between May 1994 and September 1994, at a time when she was pregnant. Sometime during the early part of the 1994 summer season, the Davis Park community was sprayed with a pesticide by employees of what the petitioners refer to as "Vector Control" of the County of Suffolk, to control the mosquitoes. Ms. Lewin alleged that she was "caught" in her house with the windows open during the spraying and was caused to involuntarily inhale a substantial amount of the pesticide. She thereafter gave birth to the infant petitioner, Nicholas Lewin, on December 14, 1994, who was born with a serious eye disorder which resulted in permanent blindness in his right eye as well as a disfigurement of that eye, requiring a partial prosthesis. Ms. Lewin claimed that the inhalation of the pesticide during her pregnancy caused her son's medical condition.

Ms. Lewin consulted with an attorney during the Labor Day weekend of 1995, and then obtained a letter on September 28, 1995, from her son's treating physician regarding his opinion of the cause of her son's eye disorder. The petitioners' attorney,

by notice of motion dated October 19, 1995, then requested leave to serve a late notice of claim upon the County of Suffolk. The petitioners personally served the Deputy County Clerk with the motion papers, including the proposed notice of claim, on October 27, 1995. The Supreme Court, Suffolk County, granted the motion, and this appeal by the County followed.

Although this application was improperly brought as a motion, the application will be treated as a special proceeding for leave to serve a late notice of claim. The motion court properly determined that jurisdiction was obtained over the County by personal service on the Deputy County Clerk (*see,* CPLR 311 [a] [4]; 403 [c]; *cf., Matter of Eso v County of Westchester,* 141 AD2d 542).

The court also properly granted the petitioners' application to serve a late notice of claim. The infant petitioner's claim arose at the time he was born alive (*see, LaBello v Albany Med. Ctr. Hosp.,* 85 NY2d 701), which was approximately six months after the spraying occurred. Thus, the serving of the notice of claim could have occurred up to 90 days after the infant petitioner's date of birth (General Municipal Law § 50-e), or approximately nine months after the spraying. There is no evidence here that the County is prejudiced by the additional delay of approximately seven months. The absence of an acceptable excuse is not necessarily fatal to the application (*see, Montalto v Town of Harrison,* 151 AD2d 652, 653). Furthermore, the County would have actual knowledge of the spraying which occurred by virtue of the fact that the County directed the spraying and has the records of the event (*see, e.g., Matter of Williams v Bronx Mun. Hosp. Ctr.,* 205 AD2d 420; *Di Notte v County of Westchester,* 115 AD2d 585). Thus, since the County had actual notice and was not prejudiced by the delay, the petitioners were properly granted leave to serve a late notice of claim (*see,* General Municipal Law § 50-e [5]). Rosenblatt, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.