◼ In the Matter of DONALD S. PARKINSON, Respondent, v CATHERINE LEAHY, as Assistant District Attorney of Columbia County, Appellant, et al., Respondent. [716 NYS2d 752] —Mugglin, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 26, 1999 in Columbia County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, for the immediate release of certain personal property seized in connection with a pending criminal action.

Petitioner was convicted after a jury trial of two counts of attempted aggravated assault and one count of reckless endangerment in the first degree. In conjunction with that arrest and prosecution, the State Police seized various items of personal property belonging to petitioner, including, *inter alia*, knives, a variety of firearms, including an assault rifle and shotgun, ammunition, a 20-channel scanner and a cell phone. Following his conviction, but while the appeal was pending,[1] petitioner instituted this proceeding seeking the release of the personal property to his trial counsel or, in the alternative, for compensation if respondents were no longer in possession of the seized items. Supreme Court granted the petition to the extent that the State Police retained custody over petitioner's personal property, and in doing so denied a motion by the State Police to dismiss the petition based on lack of subject matter jurisdiction, asserting that petitioner's claim should be brought in the Court of Claims. This appeal ensued.

---

1. Petitioner's conviction was affirmed (*People v Parkinson*, 268 AD2d 792) and the Court of Appeals denied leave to appeal (95 NY2d 801).

Initially, we note that a CPLR article 78 proceeding is a proper vehicle to seek an order compelling the return of items of personal property under the circumstances presented herein (*see, Boyle v Kelley*, 42 NY2d 88). However, any claim seeking monetary compensation arising out of the seizure of such items of personal property is within the jurisdiction of the Court of Claims only (*see, e.g., Matter of Harrison v Carpenter*, 201 AD2d 848, 849).

Nevertheless, we reverse Supreme Court's judgment and dismiss the petition. Petitioner failed to properly commence this special proceeding. On May 3, 1999, Supreme Court issued an order to show cause which, *inter alia*, specifically advised petitioner that it was his responsibility to commence the proceeding by filing the original order to show cause and petition with the Columbia County Clerk and, following service of the papers as directed, to submit proof thereof to the County Clerk at least five days before the return date. Despite noncompliance,[2] neither respondent raised any objection with respect to the manner in which this special proceeding was commenced.

In order to commence a special proceeding, the initiatory papers must be filed with the appropriate clerk of the court (*see*, CPLR 304; *Matter of Spodek v New York State Commr. of Taxation & Fin.*, 85 NY2d 760, 763). When service of process is made without filing, the resulting proceeding is a nullity, it not having been properly commenced, and such nonfiling constitutes a nonwaivable jurisdictional defect (*see, Matter of Gershel v Porr*, 89 NY2d 327, 330; *Connolly v Chenot*, 275 AD2d 583, 584).

In view of the foregoing, we have not reached the balance of the parties' contentions.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

---

2. The order to show cause and supporting papers were not filed with the County Clerk until October 26, 1999, following rendition of Supreme Court's judgment. Likewise, the record fails to show that proof of service was filed.