OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In June 2001, appellants attempted to commence a CPLR article 78 proceeding challenging a ruling by the Town of Mention Zoning Board of Appeals. It is undisputed that the appellants went to the Monroe County Clerk’s office, paid a fee of $170 and obtained an index number. Appellants then submitted a petition and notice of petition to the office of the Chief Clerk of Monroe Supreme and County Courts. The matter was assigned to a Justice and a return date given. Thereafter, the papers were served upon the respondents. Appellants never filed the papers with the County Clerk. Ultimately, affidavits of service were filed with the County Clerk.
 

 Supreme Court granted respondents’ motion to dismiss the petition, holding that the papers had not been properly filed. The Appellate Division affirmed, and this Court granted leave to appeal.
 

 In June 2001, CPLR 304 provided:
 

 “A special proceeding is commenced by filing a notice of petition. * * * [F]iling shall mean the delivery of the * * * notice of petition * * * to the clerk of the court in the county in which the * * * special proceeding is brought or any other person
 
 *747
 
 designated by the clerk of the court for that purpose together with any fee required * * *. At the time of filing, the filed papers shall be date stamped by the clerk of the court who shall file them and maintain a record of the date of the filing and who shall return forthwith a date stamped copy, together with an index number, to the filing party.”
 
 [1]
 

 While the section does not define the term “clerk of the court,” article VI, § 6 (e) of the New York State Constitution states that the County Clerks shall be the clerks of the Supreme Court. In addition, County Law § 525 (1) provides that “[t]he county clerk shall * * * be the clerk of the supreme court and clerk of the county court within his county.”
 
 [2]
 
 CPLR 304’s use of the term “clerk of the court” must therefore mean the County Clerk. Appellants would have us interpret CPLR 304 to allow both the county clerk and the “Supreme Court Clerk” to be “clerk[s] of the court.” But the Legislature, in County Law § 525, has declared that there shall be a single clerk, and that the County Clerk shall be the clerk of the Supreme Court. Because appellants delivered the petition to the Chief Clerk of Monroe Supreme and County Courts, whose function is significantly different than that of the County Clerk, the petition was not filed and was properly dismissed.
 

 Appellants argue that the Appellate Division order should be reversed because the procedure they followed ultimately fulfilled all of the purposes underlying CPLR 304. The statute, however, does not contemplate a dual track filing procedure. Adherence to this procedure ensures that the time of filing is authoritatively fixed when the County Clerk date-stamps the papers, and that the County Clerk, as custodian of public records, is properly informed of litigation that may affect local property
 
 (Matter of Fry v Village of Tarry town,
 
 89 NY2d 714, 719 [1997]).
 

 
 *748
 
 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs, in a memorandum.
 

 [1]
 

 . The statute was amended in November 2001 (L 2001, ch 473, § 1) to provide that only the petition need be filed. The amendment is not relevant to this appeal.
 

 [2]
 

 . In full, County Law § 525 provides:
 

 “1. The county clerk shall perform the duties prescribed by law as register, and be the clerk of the supreme court and clerk of the county court within his county. He shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors.
 

 “2. He shall provide at the expense of the county, all books, files and other necessary equipment for the filing, recording and depositing of documents, maps, papers in actions and special proceedings of both civil and criminal nature, judgment and lien dockets and books for the indexing of the same as directed or authorized by law.”