■ In the Matter of CATHERINE G., Individually and as Parent and Guardian of BRITTANY G. and Others, Infants, Respondent, v COUNTY OF ESSEX et al., Appellants, et al., Respondent. [761 NYS2d 727] —Crew III, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 27, 2002 in Essex County, which, inter alia, partially granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

In August 2000, petitioner's then nine-year-old daughter, Brittany G., confided that she had been touched sexually by her half brother, Anthony. In September 2000, petitioner reported this matter to respondent Randy Quayle, a school psychologist for respondent Lake Placid Central School District, who referred Brittany to respondent Crisis Center of Clinton, Essex and Franklin Counties for counseling. Petitioner then allegedly contacted respondent Robert Schiller, principal of Lake Placid Middle School and High School, and informed him of what had occurred between her daughter and Anthony.

In October 2000, petitioner contacted respondent Essex

County Mental Health, which referred her to a private psychologist for treatment of Anthony. In January 2001, petitioner learned that Anthony had been subjecting Brittany and her then eight-year-old sister, Melissa G., to continuous acts of sodomy and sexual intercourse and immediately called the police, who apparently obtained a sworn statement from Anthony reciting his sexual abuse of Brittany, Melissa and their younger sister, Marcie G.

By reason of the failure to report the allegations of sexual abuse to the Statewide Central Register of Child Abuse and Maltreatment (hereinafter Central Register), as required by Social Services Law article 6, petitioner sought to assert an action pursuant to Social Services Law § 420 (2) against respondents Essex County, Essex County Child Protective Services, Essex County Department of Social Services and Essex County Mental Health and one of its caseworkers (hereinafter collectively referred to as the County respondents), as well as against respondents Lake Placid Central School District, Quayle, Schiller (hereinafter collectively referred to as the School respondents) and the Crisis Center of Clinton, Essex and Franklin Counties. Having failed to timely serve a notice of claim pursuant to General Municipal Law § 50-e, petitioner sought leave to file a late notice of claim. To that end, Supreme Court signed an order to show cause directing service upon, among others, the Essex County Attorney, and petitioner thereafter served the order to show cause upon an Assistant County Attorney. Supreme Court then granted petitioner leave to serve a late notice of claim on behalf of Brittany and Melissa, but denied leave to serve a late notice of claim in her individual capacity or on behalf of Marcie. The County respondents and School respondents (hereinafter collectively referred to as respondents) now appeal.

Initially, the County respondents contend that Supreme Court lacked jurisdiction over them because petitioner failed to serve the order to show cause and supporting papers upon the Essex County Attorney as ordered by Supreme Court and as prescribed by the relevant provisions of the CPLR. We disagree. While it is true that CPLR 311 (a) (4) requires service upon, among others, the county attorney, it is equally true that this provision is to be given a liberal interpretation (*see Fashion Page v Zurich Ins. Co.*, 50 NY2d 265, 271 [1980]; *Marine Midland Realty Credit Corp. v Welbilt Corp.*, 145 AD2d 84, 87 [1989]). In that regard, service upon a deputy county clerk has been deemed sufficient to obtain jurisdiction over a county (*see Matter of Lewin v County of Suffolk*, 239 AD2d 345, 346 [1997]),

as has service upon a county attorney's receptionist (*see Matter of Komanoff v Dodd*, 114 AD2d 344, 345 [1985]). Here, the record demonstrates that following service upon the Assistant County Attorney, he immediately telephoned the Essex County Attorney to advise that he had been so served. Under these circumstances, it cannot be said that such service did not satisfy the purpose of CPLR 311, which is to give the county notice of the commencement of the proceeding (*cf. Fashion Page v Zurich Ins. Co., supra* at 271-272).

Next, respondents urge that Supreme Court abused its discretion by allowing petitioner to serve a late notice of claim on behalf of Brittany and Melissa because the claim is patently meritless. Their contention is based upon their interpretation of Social Services Law § 413 (1), which provides that certain individuals, including all respondents named here: "are required to report or cause a report to be made in accordance with this title when they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child, or when they have reasonable cause to suspect that a child is an abused or maltreated child where the parent, guardian, custodian or other person legally responsible for such child comes before them in their professional or official capacity and states from personal knowledge facts, conditions or circumstances which, if correct, would render the child an abused or maltreated child." As used in this section, an "abused child" is a "child less than 18 years of age whose parent or other person legally responsible for his care" commits or allows to be committed sexual offenses upon such child (Family Ct Act § 1012 [e] [iii]; *see* Social Services Law § 412 [1] [a]). Respondents contend that inasmuch as Anthony was not a person legally responsible for Brittany and Melissa's care, they were not required to report petitioner's allegation of abuse to the Central Register as required by Social Services Law § 413 (1). We disagree.

A fair reading of the Social Services Law leads to the conclusion that it is the obligation of the Central Register to determine whether a particular individual is a person legally responsible within the framework of Social Services Law article 6 (*see generally* Social Services Law § 421). Indeed, Social Services Law § 422 (2) (c) provides that whenever a call to the Central Register is received and *the department determines* that the person legally responsible for abuse is not a parent or other person legally responsible for the child's care and, thus, not the subject of a report, but believes that the acts reported may constitute a crime, the department shall convey the infor-

mation to an appropriate law enforcement agency by the most expedient means available. Indeed, as aptly held by the Fourth Department: "It is not the duty of the mandated reporter to assess whether the abuser would be considered by Family Court to be a 'person legally responsible' or whether a 'person legally responsible' allowed the abuse to occur. If [the mandated reporter] has reasonable cause to suspect that a child has been sexually abused, the reporter must report immediately. It is the duty of the investigating agency to determine whether the report was founded" (*Matter of Kimberly S.M. v Bradford Cent. School*, 226 AD2d 85, 90 [1996]).

Finally, we agree that Supreme Court abused its discretion by granting leave to serve a late notice of claim on behalf of Melissa. The record makes plain that Melissa was never the subject of any of petitioner's reports to respondents. Indeed, Anthony's involvement with Melissa did not come to light until petitioner's report to the police in January 2001. Respondents' remaining arguments have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application for leave to file a late notice of claim on behalf of Melissa G.; application denied to that extent; and, as so modified, affirmed.