■ In the Matter of ALLSTATE INDEMNITY COMPANY, Appellant, v MIGUEL MARTINEZ et al., Respondents. [771 NYS2d 378]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.), entered June 4, 2003, which, sua sponte, denied the petition and dismissed the proceeding for failure to comply with CPLR 304 and 306.

Ordered that the order and judgment is affirmed, without costs or disbursements.

Under New York's commencement-by-filing system, in order to commence a special proceeding, the petition must be filed with the clerk of the court and the filing fee paid (*see* CPLR 304; *Matter of Mendon Ponds Neighborhood Assn. v Dehm,* 98 NY2d 745 [2002]; *Matter of Parkinson v Leahy,* 277 AD2d 810 [2000]; *Matter of Montecalvo v Columbia County,* 274 AD2d 868 [2000]). "When service of process is made without filing, the resulting proceeding is a nullity, it not having been properly commenced, and such nonfiling constitutes a nonwaivable jurisdictional defect" (*Matter of Parkinson v Leahy, supra* at 811; *see Matter of Gershel v Porr,* 89 NY2d 327 [1996]). In this case, despite being given an opportunity to do so by the Supreme Court, the petitioner did not demonstrate that the petition to stay arbitration had been filed with the Westchester County Clerk. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (*see Sangiacomo v County of Albany,* 302 AD2d 769 [2003]). Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.