■ In the Matter of the Arbitration between THE HARTFORD INSURANCE COMPANY, Respondent, and HENDERSON MARTIN, Appellant, et al., Respondents. [791 NYS2d 83]—

Order (denominated order and judgment), Supreme Court, New York County (Paula J. Omansky, J.), entered June 24, 2004, which, upon granting respondent Martin's motion for reargument, adhered to prior order, same court and Justice, entered February 20, 2004, staying arbitration, directing a trial on the framed issue of insurance coverage and granting petitioner's motion to add additional respondents Highland Insurance and Medina, unanimously reversed, on the law, without costs, the petition denied, the stay vacated and this proceeding dismissed.

In July 2001, the 1990 Geo Prism owned and operated by respondent Martin was involved in a collision with a 1991 Lincoln owned by respondent Medina and operated by nonparty Tejada. Martin submitted a claim for underinsured motorist coverage under his policy with petitioner. In September 2002, petitioner informed Martin that because it had determined that the coverage afforded by Highland Insurance to Medina exceeded the benefits payable under its underinsured motorist endorsement, his claim was denied.

Martin served petitioner with a demand for arbitration on May 16, 2003. With its application to stay arbitration, petitioner submitted a check for the filing fee in the amount of $175 "on or about May 29, 2003." However, as of July 1, 2002, the fee had been increased to $185 (CPLR 8018 [a], as amended by L 2002, ch 83, part B, § 1), and petitioner's application was rejected by the Clerk. It was subsequently resubmitted and accepted for filing on June 10, 2003.

CPLR 7503 (c) provides, "An application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be . . . precluded." The 20-day time limit is construed as a period of limitation, and the courts have no discretion to waive or extend the statutory period (*Aetna Life & Cas. Co. v Stekardis*, 34 NY2d 182, 185-186 [1974]). Where the application to stay is untimely, courts have no authority to determine threshold issues of arbitrability or the scope of an arbitrator's jurisdiction (*id.* at 186). An exception is recognized where no agreement to arbitrate exists (*Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264 [1982]); however, the parties do not contest the existence of an arbitration provision in the subject insurance policy.

Commencement of a special proceeding requires the filing of the petition with the clerk, together with payment of the filing fee (*Matter of Allstate Indem. Co. v Martinez*, 4 AD3d 422 [2004]). Service of the petition without filing is a nullity (*Matter of Parkinson v Leahy*, 277 AD2d 810, 811 [2000]), and petitioner's failure to timely comply with the statutory requirements is

fatal to the viability of this proceeding (*Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082 [1996]). Finally, petitioner's claim that Martin's demand for arbitration was frivolous and "prompted by the failure of negotiation for an amicable settlement with the liability carrier for the offending vehicle" is insufficient to preclude arbitration on public policy grounds (*see Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631-632 [1979]; *see also Matter of Wertlieb [Greystone Partnerships Group]*, 165 AD2d 644, 646-647 [1991]). Concur—Tom, J.P., Andrias, Sullivan, Williams and Gonzalez, JJ.