■ In the Matter of JOHN GRASSO, Appellant. STANDARDBRED OWNERS ASSOCIATION, INC., Respondent. [810 NYS2d 201]—

In a proceeding pursuant to Not-For-Profit Corporation Law § 618 to set aside the election of directors of the Standardbred

Owners Association, Inc., on December 5, 2003, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.), entered February 25, 2004, which sua sponte dismissed the petition for noncompliance with CPLR 304 and 306. The appeal brings up for review an order of the same court entered March 31, 2004, which denied the petitioner's motion, in effect, for leave to renew (*see* CPLR 5517 [b]).

Ordered that the order entered March 31, 2004, is reversed, on the law, the motion for leave to renew is granted, upon renewal, the order and judgment entered February 25, 2004, is vacated, the petition is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings; and it is further,

Ordered that the appeal from the order and judgment entered February 25, 2004, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The petitioner established that he submitted an unexecuted order to show cause and petition, purchased an index number, and paid the applicable fees, in the County Clerk's office where his request for judicial intervention (RJI) was filed. The order to show cause and petition were then returned to him and he was directed to file them with the Supreme Court Individual Assignment Part clerk, who accepted the papers and forwarded them to a justice for signature. The executed order to show cause was not returned to the petitioner, and it does not bear a "FILED" stamp of the County Clerk. To the extent that such a procedure for special proceedings commenced by order to show cause is at variance with that required by CPLR 304, the respondent voiced no objections thereto. Thereafter, the respondent appeared and litigated the petition on the merits.

Here, by answering the petition and appearing and litigating the proceeding on the merits, the respondent waived its personal jurisdictional objections to the alleged irregularities in the filing of the initiatory papers (*see Matter of Fry v Village of Tarrytown,* 89 NY2d 714, 723 [1997]; *Matter of Progressive Northeastern Ins. Co. v Frenkel,* 8 AD3d 390 [2004]; *Clarke v Davis,* 277 AD2d 902 [2000]; *Nardi v Hirsh,* 250 AD2d 361, 363 [1998]). Accordingly, the Supreme Court's sua sponte dismissal of the matter was improper.

We note that *Matter of Gershel v Porr* (89 NY2d 327 [1996]), and *Matter of Mendon Ponds Neighborhood Assn. v Dehm* (98 NY2d 745 [2002]), are distinguishable since in those cases the respondents raised objections to the filing deficiencies and did not waive the objections. We also note that the results in *Matter*

*of One Beacon Ins. Co./CGU Ins. Co. v Daly* (7 AD3d 717 [2004]), and *Matter of Allstate Indem. Co. v Martinez* (4 AD3d 422 [2004]), are not contrary to the result herein since neither of those cases involved the commencement of a special proceeding by order to show cause (*cf. Matter of Mendon Ponds Neighborhood Assn. v Dehm, supra*). H. Miller, J.P., Santucci, Spolzino and Skelos, JJ., concur.