In the Matter of DOROTHY P. MONTAGUE, as President of Germantown Neighbors Association, et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION by ERIN CROTTY, Commissioner, et al., Respondents. [808 NYS2d 798]—

Rose, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered November 5, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioners attempted to bring a CPLR article 78 proceeding to annul a negative declaration issued by respondent Department of Environmental Conservation. On the final day before expiration of the statute of limitations (*see* CPLR 217 [1]), an assistant to petitioners' counsel delivered an index number ap-

plication, a request for judicial intervention and a check for the applicable fees to the office of the Albany County Clerk, but then delivered the notice of petition and petition to the Supreme Court Clerk's office. Respondents ultimately moved to dismiss the proceeding as time-barred. Finding the matter to be factually indistinguishable from that reviewed in *Matter of Mendon Ponds Neighborhood Assn. v Dehm* (98 NY2d 745 [2002]), Supreme Court dismissed the proceeding. Petitioners appeal and we affirm.

Where, as here, the notice of petition and petition commencing a special proceeding are filed with the Court Clerk instead of the County Clerk, whether inadvertently or not, the filing is ineffective and constitutes a nonwaivable jurisdictional defect rendering the proceeding a nullity (*see* CPLR 304; *Matter of Mendon Ponds Neighborhood Assn. v Dehm, supra* at 747; *Matter of Allstate Indem. Co. v Martinez*, 4 AD3d 422, 422 [2004]; *Matter of Parkinson v Leahy*, 277 AD2d 810, 811 [2000]). While the filing error may have been unintended and due to the lack of advice from the County Clerk's office, the resulting jurisdictional defect cannot be disregarded as a mere irregularity (*cf. Matter of New York State Elec. & Gas Corp. v Board of Assessors of Town of Vestal*, 285 AD2d 945 [2001]). Because the proceeding was a nullity, petitioners' subsequent service and proper filing of an amended petition four months later was of no effect (*see Goldberg v Camp Mikan-Recro*, 42 NY2d 1029, 1030 [1977]). Nor do we perceive a basis to deem respondents' inaction to be a waiver (*cf.* CPLR 2101 [f]) or construe CPLR 304 to find that filing with the Court Clerk was sufficient without proof that the County Clerk had designated the Court Clerk to receive petitions for filing. Accordingly, Supreme Court properly dismissed the petition (*see Matter of Rossi v Town of Colonie Dept. of Assessment*, 13 AD3d 683, 683 [2004], *lv dismissed* 5 NY3d 758 [2005]).

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.