In the Matter of DAYMIEN SCOTT et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [846 NYS2d 248]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated October 16, 2005, dismissing the

petitioners' claims for uninsured motorists' benefits, the petitioners appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated August 3, 2006, which, sua sponte, denied the petition and dismissed the proceeding on the ground of improper service.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to Supreme Court, Kings County, for further proceedings on the petition; and it is further,

Ordered that the respondent shall serve its answer within 30 days of service upon it of a copy of this decision and order.

Pursuant to CPLR 7502 (a), "[a] special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy." CPLR 304 provides that "a special proceeding is commenced by filing a petition." Article 4 of the CPLR governs special proceedings. Regarding the manner of service, CPLR 403 (c) provides that "[a] notice of petition shall be served in the same manner as a summons in an action."

Contrary to the respondent's contention, the notice of petition, petition, and supporting papers should not have been served upon its counsel pursuant to CPLR 2103 (b), as there was no pending action. Here, the "first application arising out of the arbitrable controversy" was the petitioner's special proceeding to vacate the arbitration award. Thus, the petitioner properly filed the notice of petition, petition, and supporting papers and then served them on the respondent, instead of merely serving them on respondent's counsel (see Matter of Star Boxing, Inc. v DaimlerChrysler Motors Corp., 17 AD3d 372, 372-373 [2005]; INA/Aetna v American Mut. Ins. Cos., 115 AD2d 640 [1985]; cf. Matter of Fernandez [Universal Underwriters Ins. Co.], 130 AD2d 657 [1987]). Accordingly, the Supreme Court erred in denying the petition on the ground of improper service. Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.