*448 OPINION OF THE COURT
Joseph D. Mintz, J.
Petitioner has moved to renew the order of dismissal of this special proceeding, based upon a change in the law. Petitioner seeks a reinstatement of the petition under CPLR 2001 as amended effective August 15, 2007.
The notice of petition and petition were served upon respondents on May 21, 2007, with an original return date of June 12, 2007. Respondent moved to dismiss on June 6, 2007, claiming that no proceeding was ever properly commenced, and both the petition and motion were adjourned until August 21, 2007, allowing each side to submit further papers in support of or in opposition to the motion to dismiss. While petitioner did set forth the facts surrounding the location of the original petition in the original motion, petitioner did not seek relief under the amendment to CPLR 2001 which became effective just six days prior to the argument. No party raised the applicability of CPLR 2001, and the amendment to it was never considered by the court. For that reason the court granted the motion to renew.
There is no question that on May 9, 2007, the last day under the applicable statute of limitations, there was no petition filed in the County Clerk’s office. Under the provisions of CPLR 304, as of that date, no proceeding had been commenced. For that reason, the original motion to dismiss was granted. Petitioner now claims that under the amendment to CPLR 2001, the court has the discretion to permit the correction of this omission.
There is some dispute regarding exactly what petitioner did with the notice of petition and petition. After purchasing an index number, petitioner did present the petition and notice of petition to the County Clerk’s office, in order to have indicated a paid stamp on its face prior to delivery to chambers. This is the normal method in Erie County for original motion papers (where a $45 fee is required), namely, that the original motion papers are presented along with the fee and the original is stamped to indicate the payment. Then the moving papers (along with all other support and opposition papers) are sent directly to the chambers of the assigned judge. There is a different procedure for special proceedings, where only the original filing and RJI fees are necessary. For special proceedings, the original papers are filed in the County Clerk’s office and the copies are stamped both with the fact of filing and with an indication that no additional fee is necessary for the proceeding *449 to be heard. Then a copy of the notice of petition and petition are to be submitted to the chambers of the IAS judge. Erie County does not employ a motion support office as is present in some other counties (e.g. Monroe County) (see Matter of Mendon Ponds Neighborhood Assn. v Dehm, 98 NY2d 745 [2002]).
Petitioner indicates that, on or about May 8, 2007, her attorney presented to the County Clerk’s office in order to file an application for an index number and RJI, and pay for each. This was not done, however, at “Actions and Proceedings” within the County Clerk’s office, but instead at “Customer Service.” Then, she says that the original petition and notice of petition were left with a “recording clerk” at “customer service” who forwarded them to the undersigned as the IAS judge assigned. There was no indication that petitioner’s attorney specifically asked the “recording clerk” to file the documents in actions and proceedings. Thus, it is apparent that the petitioner did not present the original petition for filing with the County Clerk as is required by CPLR 304, nor leave the petition with anyone else who indicated that the petition would be filed. Furthermore, although petitioner’s attorney states in his affidavit that the original papers were left with the “recording clerk,” court records indicate otherwise. The original papers were in the possession of petitioner’s attorney who mailed them to Christine Nestor, the Chief Clerk of Erie Supreme and County Courts, with a cover letter dated May 9, 2007. She received the papers on May 10, 2007 (after the statute of limitations expired), and she forwarded them to the court clerk assigned to this court.
CPLR 2001’s amendment makes clear that the court’s discretion to allow the correction of a defect includes correction of defects in the acquisition of an index number or the filing process. In the memorandum in support, Senator Volker, who introduced the bill, states that the amendment is being offered in response to a number of decisions which have held that “defects in the commencement of actions or the payment of an index number fee will result in outright dismissal of an action so long as a timely objection is made to such defects” (Senate Introducer Mem in Support, 2007 McKinney’s Session Law News of NY, No. 7, at A-965 [Oct. 2007]). The memorandum cites cases involving the failure to pay a new filing fee (Harris v Niagara Falls Bd. of Educ., 6 NY3d 155 [2006]; Matter of Gershel v Porr, 89 NY2d 327 [1996]) and the sufficiency of an unsigned order to show cause as a substitute for a notice of petition (Matter of Fry v Village of Tarrytown, 89 NY2d 714 *450 [1997]). The memorandum further states that “[i]t is important to emphasize that this measure would not excuse a complete failure to file within the statute of limitations” (2007 McKinney’s Session Law News of NY, No. 7, at A-966). Further, it states, “The purpose of this measure is to clarify that a mistake in the method of filing, AS OPPOSED TO A MISTAKE IN WHAT IS FILED, is a mistake subject to correction in the court’s discretion” (id.). Finally, the memo makes clear that the amendment does not overrule Parker v Mack (61 NY2d 114 [1984]), as applied to commencement by filing, wherein the filing of a bare summons would not result in the commencement of the action.
In order to determine whether the court has any discretion to allow the correction of the failure to file with the County Clerk’s office, in this case, it is necessary to examine the actions of the petitioner’s attorney on May 8, 2007, and determine whether the actions constituted “filing” in any measure. Even if petitioner’s attorney’s version of what occurred were accepted, there appears to be no instruction given to anyone involved that the papers should be filed in actions and proceedings, within the County Clerk’s office. When considering that the original papers were in petitioner’s attorney’s possession on May 9, 2007 when they were mailed to Ms. Nestor, it is clear that these papers were not presented for “filing” at any time prior to the expiration of the statute of limitations.
Under these circumstances, the amendment to CPLR 2001 does not provide any basis to allow correction of the failure to file the petition in the County Clerk’s office prior to the expiration of the statute of limitations. This court’s original determination granting respondent’s motion to dismiss is reaffirmed.