■ In the Matter of JJF ASSOCIATES, LLC, Appellant, v JOHN JOYCE, JR., et al., Respondents. [874 NYS2d 45]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 19, 2008, which denied petitioner's motion for a preliminary injunction to stay arbitration, and granted respondents' cross motion to dismiss this proceeding, unanimously affirmed, with costs.

The application to stay was untimely, having been brought more than 20 days after the demand for arbitration (CPLR 7503 [c]). The court thus lacked the authority to address the issue of the arbitrator's jurisdiction (*Matter of Hartford Ins. Co. [Martin]*, 16 AD3d 149 [2005]). The exception stated in *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264 [1982]) does not apply because it is undisputed that an arbitration agreement existed between the parties. In fact, it was petitioner who first compelled arbitration of the dispute; its current argument simply attacks the present viability of the contract containing the agreement to arbitrate (*see Matter of Fiveco, Inc. v Haber*, 11 NY3d 140, 145 [2008]).

Moreover, petitioner cannot avail itself of CPLR 7503 since it participated in the arbitration to the extent of attending a prehearing conference with the selected arbitrator, at which a hearing schedule and ground rules were decided upon, and even moved before the arbitrator to dismiss the proceeding on the ground that it was improperly brought (*see Matter of North Riv. Ins. Co. [Morgan]*, 291 AD2d 230, 233 [2002]; *Matter of Arner v Liberty Mut. Ins Co.*, 233 AD2d 321 [1996]; *Mufale v Romeo*, 122 AD2d 591 [1986]). Clearly, petitioner's attack on the propriety of the arbitrator's determination—on the ground that any defect in the original demand was rectified—constitutes an improper appeal of a nonfinal decision (*see Mobil Oil Indonesia v Asamera Oil [Indonesia]*, 43 NY2d 276, 281-282 [1977]). Because petitioner failed to establish a likelihood of success on the merits, the court properly denied the motion for a preliminary injunction to stay arbitration, and dismissed the proceeding (*Mark Ross & Co., Inc. v XE Capital Mgt., LLC*, 46 AD3d 296 [2007]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, McGuire and DeGrasse, JJ.