■ In the Matter of AUTO ONE INSURANCE COMPANY, Respondent, v JUAN LOPEZ et al., Appellants, et al., Proposed Respondents. [930 NYS2d 883]—

CPLR 7503 (c) requires that an application to stay arbitration be made within 20 days after service of a notice of intention to arbitrate (*see Matter of Fiveco, Inc. v Haber*, 11 NY3d 140, 144 [2008]). "[T]he timeliness of a proceeding for a stay of arbitration is measured with respect to the earlier filing of the petition, not with respect to its later service" (*Matter of Government Empls. Ins. Co. v Morris*, 83 AD3d 709, 710 [2011]; *see* CPLR 304, 7502 [a]; *Matter of Mendon Ponds Neighborhood Assn. v Dehm*, 98 NY2d 745 [2002]; *Matter of Scott v Allstate Ins. Co.*, 45 AD3d 690 [2007]; *Matter of Allstate Indem. Co. v Martinez*, 4 AD3d 422 [2004]). Here, it uncontested that the appellants served their notice of intention to arbitrate on April 20,

2010. The petitioner submitted proof that the instant proceeding was commenced on May 3, 2010, by the filing of a petition. Accordingly, contrary to the appellants' contention, the action was commenced within the 20-day limitation period, and thus was timely.

The appellants' remaining contentions are either improperly raised for the first time on appeal (*see Jara v New York Racing Assn., Inc.*, 85 AD3d 1121 [2011]; *Panteleon v Amaya*, 85 AD3d 993 [2011]), or without merit. Angiolillo, J.P., Hall, Cohen and Miller, JJ., concur.