■ PUTNAM COUNTY SAVINGS BANK, Appellant, v ALLAN FISHEL, Defendant, and SONJA FISHEL, Respondent. [973 NYS2d 247]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Jamieson, J.), dated December 12, 2012, as denied, on the ground of improper service, that branch of its motion which was for leave to enter a deficiency judgment against the defendant Sonja Fishel.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Rockland County, for a determination on the merits of that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendant Sonja Fishel.

As the plaintiff correctly contends, any objections to alleged improprieties in its service of the papers constituting its motion for a deficiency judgment upon the defendant Sonja Fishel were waived when Fishel opposed the motion on the merits without contesting the validity of the service (*see Matter of Grasso*, 24 AD3d 765, 767 [2005]; *McGowan v Hoffmeister*, 15 AD3d 297 [2005]; *Yihye v Blumenberg*, 260 AD2d 371, 371-372 [1999]; *Matter of Kareca Lashawn J. v County of Westchester*, 142 AD2d 729, 730 [1988]). Therefore, the Supreme Court should not have

sua sponte raised the issue of the propriety of service and denied the motion on the ground of improper service (*see Dupps v Betancourt*, 99 AD3d 855, 856 [2012]; *Matter of Grasso*, 24 AD3d at 766; *Yihye v Blumenberg*, 260 AD2d at 371-372).

In any event, since the plaintiff substantially complied with the service requirements, and Fishel received actual and timely notice of the motion as a result, the service was sufficient (*see Sarasota, Inc. v Homestead Acres at Greenport*, 249 AD2d 290, 290-291 [1998]; *Columbus Realty Inv. Corp. v Weng-Heng Tsiang*, 226 AD2d 259 [1996]; *Heritage Sav. Bank v Grabowski*, 70 AD2d 989, 990 [1979]).

Accordingly, the Supreme Court should have made a determination on the merits of that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against Fishel. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.