Matter of Dougherty v County of Greene (2018 NY Slip Op 03192)





Matter of Dougherty v County of Greene


2018 NY Slip Op 03192


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

524924

[*1]In the Matter of JANET DOUGHERTY, Respondent,
v
COUNTY OF GREENE, Appellant.

Calendar Date: March 27, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Cook, Netter, Coonan, Kurtz & Murphy, PC, Kingston (Dana E. Cochrane of counsel), for appellant.
Law Office of William W. Frame, Middletown (William W. Frame of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Tailleur, J.), entered June 13, 2016 in Greene County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.
In September 2013, roughly 10 months after her claim accrued, petitioner — an inmate in the custody of the Department of Corrections and Community Supervision — sent a letter to the Greene County Courthouse stating that she was filing a notice of motion to file a late claim "for [an] incident that took place in the Greene County Jail on Nov 18, 2012 between 10:45-11:30 pm by one of your officer[]s." She included with the letter a "notice of motion to file a late claim" and an affidavit in support of
that motion, in which she alleged that she had been assaulted by a particular county correction officer. By letter dated October 7, 2013, the Chief Clerk of the Supreme and County Courts in Greene County returned the papers to petitioner. In her letter, the Chief Clerk stated: "Please note that in order to commence an action you must file a Request for Judicial Intervention Form as well as an application to proceed as a poor person, together with your [p]etition. You should then mail all papers to the Greene County Clerk's Office at 411 Main Street, Catskill, New York 12414." Petitioner never responded to the Chief Clerk's letter and did not follow the Chief Clerk's instructions. Over the coming months, petitioner unsuccessfully sought to retain counsel.
Petitioner thereafter sent letters regarding her claims to the county court judge who had [*2]presided over her criminal case. In response, County Court (Tailleur, J.) assigned attorney Jeffrey Low to petitioner "for the express and limited purpose of meeting with her and conducting an investigation to determine if there [was] a good faith basis to file a motion on [her] behalf seeking to file a late notice of claim against Greene County." In May 2015, Low submitted to the court an affirmation in which he reported his findings and argued that petitioner's September 2013 application should be considered by the court and ultimately granted. Shortly thereafter, Supreme Court (Tailleur, J.) sua sponte declared petitioner a poor person and assigned a different attorney to represent her pro bono. Petitioner then filed a request for judicial intervention. In December 2015, after substitution of pro bono counsel, petitioner's attorney filed an affirmation "in further support of [petitioner's] motion to file a late notice of claim, made September[] 2013." Several exhibits, including petitioner's September 2013 letter, notice of motion and supporting affidavit, were attached to the affirmation. Supreme Court granted petitioner's application, and respondent now appeals.
While a party must serve a notice of tort claim upon a municipality within 90 days after the claim arises, Supreme Court may, "[u]pon application" and in its discretion, extend the time to serve a notice of claim (General Municipal Law § 50-e [5]; see Matter of Hinton v New Paltz Cent. School Dist., 50 AD3d 1414, 1415 [2008]; Matter of Lanphere v County of Washington, 301 AD2d 936, 937 [2003]). However, Supreme Court is prohibited from granting an application for leave to serve a late notice of claim where that application is made after the expiration of the one year and 90-day statute of limitations (see General Municipal Law §§ 50-e [5]; 50-i [1] [c]), unless the statute has been tolled (see Matter of Stevenson v County of Monroe, 63 NY2d 963, 965 [1984]; Pierson v City of New York, 56 NY2d 950, 954 [1982]). The statute of limitations is tolled during the pendency of an application to extend the time to serve a notice of claim (see CPLR 204 [a]; Matter of Stevenson v County of Monroe, 63 NY2d at 965; Giblin v Nassau County Med. Ctr., 61 NY2d 67, 74 [1984]; Barchet v New York City Tr. Auth., 20 NY2d 1, 6 [1967]).
There is no dispute that if the December 2015 affirmation and accompanying exhibits are construed as a second application for leave to serve a late notice of claim, independent of petitioner's September 2013 application, then the later application was made after the expiration of the statute of limitations and Supreme Court would lack the authority to grant it (see General Municipal Law § 50-e [5]). However, by submitting the December 2015 papers "in further support" of her 2013 application, petitioner sought to rely on the relation back doctrine to allow her 2015 submissions to relate back to her 2013 application for statute of limitations purposes. Thus, the dispositive issue on appeal is whether petitioner's September 2013 submissions to the Greene County Courthouse constituted an application to serve a late notice of claim, such that the statute of limitations period was tolled during its pendency. For the reasons that follow, we find that there was no timely application to which petitioner's 2015 submissions could relate back.
Generally, where an action to enforce a claim has not yet been commenced, a party seeking to make an application for leave to serve a late notice of claim should commence a special proceeding in the Supreme Court or the County Court in a county where the action may be properly brought to trial (see General Municipal Law § 50-e [7]; Siegel & Connors, NY Prac § 32 [6th ed 2018]; see generally Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668, 668 [2012]; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1025 [2011]; Matter of Lewin v County of Suffolk, 239 AD2d 345, 346 [1997])[FN1]. A special proceeding is commenced by the [*3]filing of initiatory papers with the County Clerk in the county in which the special proceeding is brought or with any other person designated by the County Clerk to accept filing (see CPLR 304; Matter of Mendon Ponds Neighborhood Assn. v Dehm, 98 NY2d 745, 746-747 [2002]; Matter of Parkinson v Leahy, 277 AD2d 810, 811 [2000]). While the Supreme Court or the County Court may convert an improperly brought motion for leave to serve a late notice of claim into a special proceeding (see CPLR 103 [c]; Kelly v City of New York, 153 AD3d 1388, 1388 [2017]; Matter of Lewin v County of Suffolk, 239 AD2d at 346), the failure to file the application with the appropriate clerk — the County Clerk — is a fatal defect that may not be overlooked or corrected by the court pursuant to CPLR 2001 (see Matter of Miller v Waters, 51 AD3d 113, 117-118 [2008]; cf. Maddux v Schur, 139 AD3d 1281, 1281 [2016]; O'Brien v Contreras, 126 AD3d 958, 958-959 [2015]). Indeed, the filing of initiatory papers with the Clerk of the Supreme and County Courts, rather than the County Clerk, "has been equated to a nonfiling and, thus, 'a nonwaivable jurisdictional defect rendering the proceeding a nullity'" (Matter of Miller v Waters, 51 AD3d at 116, quoting Matter of Montague v New York State Dept. of Envtl. Conservation, 25 AD3d 904, 905 [2006], lv denied 6 NY3d 712 [2006]).
Here, petitioner mailed her 2013 application to the Greene County Courthouse to the attention of the "County Lawyer Clerks Office." Petitioner's papers were promptly rejected by the Chief Clerk of the Supreme and County Courts in Greene County and returned to petitioner with a letter identifying several deficiencies with her papers and directing that they be mailed to the County Clerk's Office. Petitioner's failure to file her 2013 application with the proper clerk amounts to a nonwaivable jurisdictional defect, rendering the proceeding a nullity (see Matter of Miller v Waters, 51 AD3d at 117-118; see generally Matter of Mendon Ponds Neighborhood Assn. v Dehm, 98 NY2d at 747). Consequently, petitioner's 2015 submissions cannot relate back to her 2013 attempted application. Given that petitioner did not file an application with the Greene County Clerk prior to the expiration of the one year and 90-day statute of limitations, which expired in February 2014, Supreme Court was statutorily prohibited from extending the time in which petitioner had to serve her notice of claim upon respondent (see General Municipal Law § 50-e [5]; Pierson v City of New York, 56 NY2d at 955-956; Heslin v County of Greene, 53 AD3d 996, 998 [2008], affd 14 NY3d 67 [2010]; Eglit v County of Westchester, 46 AD3d 504, 505 [2007]). Accordingly, Supreme Court's order must be reversed and petitioner's application for leave to serve a late notice of claim denied.
Egan Jr., J.P., Lynch, Devine and Mulvey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and application denied.



Footnotes

Footnote 1: General Municipal Law § 50-e (7) provides that, in the event that there is no motion term available in the proper county, the application may be made in a Supreme Court or County Court in an adjoining county.