Matter of Pudvah v Pudvah (2019 NY Slip Op 03414)





Matter of Pudvah v Pudvah


2019 NY Slip Op 03414


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526244

[*1]In the Matter of JULIANA MARIE PUDVAH, Petitioner,
v
CARL FRANCIS PUDVAH, Appellant.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Erin K. Hayner, Saratoga Springs, for appellant.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Family Court of Schenectady County (Polk, J.), entered November 27, 2017, which, among other things, in a proceeding pursuant to Family Ct Act article 4, held respondent in willful violation of a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) were divorced by a 2014 judgment of a Florida court. Pursuant to the judgment, the father was obliged to pay the mother $84 a month in child support. The father resides in New York and, in 2016, the Florida agency responsible for collecting his child support payments transmitted the judgment and requested that it be registered in this state for enforcement purposes (see Family Ct Act § 580-602 [1]). In November 2016, the Support Magistrate issued an order registering the 2014 judgment for enforcement and finding that the father owed arrears. The Support Magistrate also viewed the initial registration request as a "pending enforcement petition" and went on to find, in a February 2017 order, that the father had willfully violated the support order and recommended a suspended sentence of 30 days. The February 2017 order came before Family Court for confirmation (see Family Ct Act § 439 [a]) and, although the father pointed out that a violation petition had never been filed, he did not seek vacatur of the order on jurisdictional grounds. The Schenectady County Department of Social Services (hereinafter DSS) subsequently filed a violation petition "to clean things up," but the review of the February 2017 order continued. Family Court thereafter confirmed the February 2017 order, noting the absence of any formal effort by the father to set it aside. The father appeals from the confirmation order and argues, among other things, that Family Court lacked subject matter jurisdiction to issue it. We agree.
The Uniform Interstate Family Support Act (see Family Ct Act art 5-B) provides that "[a] registered support order issued in another state . . . is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state" (Family Ct Act § 580-603 [b]). In New York, proceedings for the violation of a support order "shall be originated by the filing of a petition containing an allegation that the respondent has failed to obey a lawful [support] order," and Family Court lacks subject matter jurisdiction to determine a violation claim without that petition (Family Ct Act § 453; see Matter of Saratoga County Support Collection Unit v Caudill, 160 AD3d 1071, 1072-1073 [2018]; Matter of Mesick v Mesick, 71 [*2]AD2d 737, 738 [1979]). DSS was free to, and eventually did, file a petition alleging that the father had failed to comply with the support provisions contained in the 2014 judgment (see Family Ct Act §§ 453 [a]; 580-603 [b]). This proceeding did not arise out of that petition, however, and was not rendered viable by its filing (cf. Matter of Montague v New York State Dept. of Envtl. Conservation, 25 AD3d 904, 905 [2006], lv denied 6 NY3d 712 [2006]). Family Court accordingly lacked subject matter jurisdiction to render the appealed-from order, and "the claim that a court lacked subject matter jurisdiction 'may be raised at any time and may not be waived'" (Matter of Saratoga County Support Collection Unit v Caudill, 160 AD3d at 1072, quoting Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 282 [2017]). Thus, the order cannot stand.
The father's remaining arguments are rendered academic by the foregoing.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs.