OPINION OF THE COURT
John D. Capilli, J.
This is a landlord and tenant proceeding brought to recover the possession of real property upon the grounds of a holdover tenancy.
The property in question is a veterinarian’s cottage, hereinafter called “the Runkle Cottage,” which forms one of the buildings on a larger tract of land known as 62 Hegeman’s Lane, Old Brookville, New York.
Respondent interposed an answer, asserted counterclaims and demanded a trial by jury.
Petitioner, prior to the commencement of the trial, moved by way of an oral motion to dismiss:
1. Respondent’s demand for a trial by jury of the “equitable defense” of retaliatory eviction.
2. The first affirmative defense that an action is pending in the Supreme Court, County of Nassau, for the same cause of action between the same parties.
3. The second affirmative defense of “retaliatory eviction”.
4. The third affirmative defense alleging harassment and breach of the tenant’s right to quiet enjoyment.
*198 5. The first counterclaim seeking judgment in the sum of $752.58 against the petitioner.
As to the first part of the motion, the respondent argues that since the concept of retaliatory eviction has been codified in section 223-b of the Real Property Law, a defense based upon that concept is no longer equitable in nature, but instead, is a legal defense, thereby entitling the respondent to a trial by jury of any factual issues raised by that defense.
Oral arguments were heard by the court and the parties submitted memoranda of law on this issue.
Prior to September 1, 1979, the courts allowed retaliatory eviction to be interposed as an equitable defense under RPAPL 743 in summary proceedings. (See Kew Gardens Assoc, v Regan, 106 Misc 2d 267; Cornell v Dimmick, 73 Misc 2d 384.)
Since its effective date on September 1, 1979, section 223-b of the Real Property Law has listed instances whereby the defense of “retaliatory eviction” may be invoked. The case at bar is focused upon section 223-b (subd 5, par a) of the Real Property Law, and the pertinent portions are as follows:
“5. In an action or proceeding instituted against a tenant of premises or a unit to which this section is applicable, a rebuttable presumption that the landlord is acting in retaliation shall be created if the tenant establishes that the landlord served a notice to quit, or instituted an action or proceeding to recover possession * * * within six months after * * *
“b. The tenant in good faith commenced an action or proceeding in a court * * * to secure or enforce against the landlord or his agents any rights under the lease or rental agreement”.
In the opinion of this court, the fact that an equitable defense has been codified is not sufficient to remove it from its traditional classification as an “equitable” defense.
CPLR 4101 states, in part, “issues of fact shall be tried by a jury unless * * * waived * * * except that equitable defenses and equitable counterclaims shall be tried by the court”.
*199 Judge Benjamin Zipper, a former Judge of this court, held that “by giving this court the right to a jury trial in equitable defenses and counterclaims, this court then would have a greater number of categories of jury trials than the Supreme Court.” (Spiegel & Sons Oil Corp. v Tallering 46 Misc 2d 462, 463.) This position is maintained, even though section 1303 (subd [a]) of the UDCA states the manner in which a jury trial may be obtained. Section 1303 (subd [a]) of the UDCA was not intended to extend a jury trial to an “equitable defense”.
Upon the foregoing reasoning, the court finds that section 223-b (subd 5, par a) of the Real Property Law is not a legal defense. Therefore, the motion to strike respondent’s demand for a jury trial of the equitable defense of retaliatory eviction is granted.
The branch of petitioner’s motion to dismiss the second affirmative defense of “retaliatory eviction” is denied, and it will proceed to trial without a jury since issues of fact exist that can be best resolved by a full trial.
It is further ordered that the issues raised in the landlord’s petition shall be tried by a jury trial pursuant to the demand therefor, since issues of fact exist.
Attention is now drawn to the request to dismiss the first affirmative defense which alleges that an action is pending in the Supreme Court, County of Nassau, for the same cause of action between the same parties. The causes of action in the Supreme Court case and the case at bar are not identical, notwithstanding that some of the parties are the same and that the underlying subject matter may be the same. The Supreme Court action involves an alleged harassment and abuse of process. In addition, there is a demand for possible injunctive relief. The case at bar, however, is an action solely to determine the basic right to possession of the Runkle Cottage. For the afore-mentioned reasons, the first affirmative defense is hereby dismissed.
With respect to the third affirmative defense, to wit: alleged harassment and breach of the tenant’s right to quiet enjoyment, the court finds that as a" matter of law, the facts ás alleged do not constitute a valid defense nor are they sufficient to constitute a defense of retaliatory evic *200 tian. Therefore, the third affirmative defense is hereby dismissed.
Finally, the motion to dismiss the first counterclaim whereby judgment in the sum-of $752.58 is demanded by the respondent against the petitioner is hereby dismissed without prejudice to permit the respondent to institute the cause of action against the proper party, “Alex Nichols Agency, Inc.,” in the civil branch of this court. As alleged by the respondent in her counterclaim, the gravamen of her cause of action is not against the petitioner in this proceeding.