SHANIQUE NELSON et al., Respondents, v FORD MOTOR CREDIT COMPANY et al., Appellants, et al., Defendants. (And a Related Action.) [838 NYS2d 130]—

In an action to recover damages for personal injuries, etc., the defendant Ford Motor Credit Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated February 28, 2006, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant John E. Beaubrun separately appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion of the defendant Ford Motor Credit Company which was for summary judgment dismissing the complaint insofar as asserted against it, and the motion of the defendant John E. Beaubrun which was for summary judgment dismissing the complaint insofar as asserted against him, are granted.

Shanique Nelson, the injured plaintiff, allegedly sustained injuries when she was struck by a car driven by the defendant Lyonel Beaubrun. The car had been leased by the defendant John E. Beaubrun from the defendant Ford Motor Credit Company (hereinafter FMCC). FMCC and John E. Beaubrun separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that they could not be held vicariously liable for the negligence of Lyonel Beaubrun pursuant to Vehicle and Traffic Law § 388 (1) because he was not a permissive user of the leased car at the time of the accident.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his or her permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by substantial evidence to the contrary (*see Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]; *Naidu v Harwin*, 281 AD2d 525 [2001]; *Headley v Tessler*, 267 AD2d 428 [1999]). Here, FMCC and John E. Beaubrun estab-

lished their entitlement to judgment as a matter of law by submitting substantial evidence that Lyonel Beaubrun, the offending driver, did not have express permission to operate the motor vehicle involved in the accident, and that there was no evidence from which permission or authority could be inferred (*see Barrett v McNulty,* 27 NY2d 928, 929 [1970]; *Adamson v Evans,* 283 AD2d 527 [2001]; *Bruno v Privilegi,* 148 AD2d 652 [1989]).

The plaintiffs failed to submit competent evidence suggesting implausibility, collusion, or implied permission so as to require the issue of consent to be submitted to a jury (*see Country-Wide Ins. Co. v National R.R. Passenger Corp.,* 6 NY3d 172 [2006]).

Accordingly, that branch of the motion of the defendant FMCC which was for summary judgment dismissing the complaint insofar as asserted against it and the motion of the defendant John E. Beaubrun should have been granted.

In light of our determination, we need not reach FMCC's remaining contentions. Crane, J.P., Krausman, Covello and Carni, JJ., concur.