■ RUTH TSADOK et al., Respondents, v PATRICK J. VENEZIANO, Appellant, et al., Defendants. [885 NYS2d 336]—

In an action to recover damages for personal injuries, etc., the defendant Patrick J. Veneziano appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated June 8, 2008, as denied that branch of the motion of the defendants Patrick J. Veneziano and Eva Veneziano which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Patrick J. Veneziano and Eva Veneziano which was for summary judgment dismissing the complaint insofar as asserted against the defendant Patrick J. Veneziano is granted.

In 2006, the appellant leased a 2005 Nissan Murano for the exclusive benefit and general use of his daughter, the defendant Eva Veneziano. On May 27, 2006, Eva left the Nissan at her mother's house and went to stay with friends for the weekend. Although there was an extra set of car keys in a safe in her mother's house, she left her set of car keys on a table so that her mother could move the car.

Shortly after Eva left, her sister, Danielle, and Danielle's boyfriend, the defendant Joseph Reynolds, and at least one other friend, Josh, arrived at the mother's house. Danielle agreed to Josh's request to go out to the car and listen to music on its radio. They took the keys from the table and went out to the car for that purpose. Danielle and Reynolds sat in the car while Josh remained outside. It is undisputed that neither Danielle nor Reynolds had a driver's license.

While in the car listening to the radio, Reynolds asked if he could drive the car. In spite of Danielle saying she thought it was not a good idea, Reynolds put the car in reverse and started driving. He eventually lost control of it and, inter alia, struck and injured the plaintiff Ruth Tsadok.

The injured plaintiff and her husband, derivatively, subsequently commenced this action against Reynolds as well as Eva and the appellant. It is undisputed that a default judgment has been entered against Reynolds. After depositions were conducted, Eva and the appellant moved for summary judgment dismissing the complaint insofar as asserted against them on

the grounds that they never gave Reynolds or Danielle permission to use the car and that Reynolds had stolen the car. In the order appealed from, the Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Eva and denied that branch of the motion which was for summary judgment insofar as asserted against the appellant. We reverse the order insofar as appealed from.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a car the negligence of any person who uses or operates it with the owner's permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent. However, this presumption may be rebutted by substantial evidence to the contrary (see generally Murdza v Zimmerman, 99 NY2d 375, 380 [2003]; Leotta v Plessinger, 8 NY2d 449, 461 [1960]; Headley v Tessler, 267 AD2d 428 [1999]).

In support of their motion for summary judgment, the appellant submitted deposition testimony showing that, other than himself, Eva was the only one entitled to the unrestricted use of the car, that the mother was entitled to limited use of it with Eva's permission, and that no one else had or was to be given permission to use it. In addition, his deposition testimony established that shortly after the accident, the appellant made a complaint to the police, and Reynolds was criminally prosecuted in connection with his driving the car. This constituted substantial evidence sufficient to rebut the presumption of permissive use (see Country-Wide Ins. Co. v National R.R. Passenger Corp., 6 NY3d 172, 174-180 [2006]; Murdza v Zimmerman, 99 NY2d 375, 380 [2003]; Leotta v Plessinger, 8 NY2d 449, 461 [1960]; Lancer Ins. Co. v Republic Franklin Ins. Co., 304 AD2d 794, 797 [2003]; Matter of Allstate Indem. Co. v Nelson, 285 AD2d 545 [2001]), and established prima facie the appellant's entitlement to judgment as a matter of law. This shifted the burden to the plaintiffs to show the existence of a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). They failed to do so.

The proof submitted by the plaintiffs, including the documents obtained pursuant to the Freedom of Information Law (Public Officers Law art 6), did not raise a triable issue of fact as to permissive use. In addition, the fact that Danielle only submitted an affidavit, but did not submit to a deposition, did not raise a triable issue of fact as to implausibility or collusion (see generally Country-Wide Ins. Co. v National R.R. Passenger Corp., 6 NY3d at 178; cf. Murphy v Carnesi, 30 AD3d 570 [2006]). Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.