■ ROLANDO PANTELEON, Respondent, v FLORENCIA AMAYA, Appellant, and MANRIQUE CANALES, Respondent. [927 NYS2d 85]—

In an action to recover damages for personal injuries, the defendant Florencia Amaya appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 1, 2010, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, the motion of the defendant Florencia Amaya for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted, and the action against the remaining defendant is severed.

On November 8, 2008, the plaintiff, Rolando Panteleon, while operating a vehicle eastbound on Suffolk Avenue in the Town of

Islip, was involved in a head-on collision with a vehicle operated by the defendant Manrique Canales and owned by the defendant Florencia Amaya. Canales was arrested for driving while intoxicated.

The plaintiff commenced this action against Amaya and Canales. Amaya moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The Supreme Court denied the motion.

Vehicle and Traffic Law § 388 (1) provides that the owner of a motor vehicle is liable for the negligence of anyone who operates the vehicle with the owner's express or implied consent (*see Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 178 [2006]; *Tsadok v Veneziano*, 65 AD3d 1130, 1132 [2009]; *Headley v Tessler*, 267 AD2d 428 [1999]). There is a presumption that the operator was driving the vehicle with the owner's express or implied consent (*see Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]; *Tsadok v Veneziano*, 65 AD3d at 1132). This presumption may be rebutted by "substantial evidence" sufficient to show that the vehicle was not operated with the owner's consent (*Matter of State Farm Mut. Auto. Ins. Co. v Ellington*, 27 AD3d 567, 568 [2006]; *see Manning v Brown*, 91 NY2d 116 [1997]; *Tsadok v Veneziano*, 65 AD3d at 1132; *Headley v Tessler*, 267 AD2d 428 [1999]).

Here, it is uncontroverted that Amaya loaned her vehicle the night before the accident to Ever Benitez, a tenant in her home. She never gave Benitez permission to lend the car to anyone else to operate and told Benitez that he could only use it with her permission. Moreover, Benitez testified that he was aware that when he borrowed Amaya's vehicle, he was not to allow anyone else to drive it. The evidence was also uncontroverted that the night before the accident, Benitez picked up Canales in Amaya's vehicle and drove to another friend's house where they drank alcohol. As a result, Benitez decided to sleep over.

According to Benitez's testimony, when he awoke on the day of the accident, the keys to Amaya's vehicle, which had been in his front pants pocket when he fell asleep, were missing, as was Amaya's vehicle. Benitez was informed by his friends that Canales had taken the vehicle while Benitez was sleeping. Benitez went to the police precinct to report the vehicle as stolen, and Amaya, who went to the scene of the accident upon being advised her vehicle was involved in an accident, told the police officer that Canales, whom she had never met before, did not have permission to use her vehicle.

Amaya established her prima facie entitlement to judgment as a matter of law based upon the evidence that Canales did not

have her consent to operate Amaya's motor vehicle, and there was no evidence from which permission or authority could be inferred (*see Tsadok v Veneziano*, 65 AD3d at 1132; *Nelson v Ford Motor Credit Co.*, 41 AD3d 444, 444-445 [2007]; *Padilla v Felson*, 28 AD3d 530 [2006]; *Cooper v City of New York*, 293 AD2d 704 [2002]; *Naidu v Harwin*, 281 AD2d 525, 525-526 [2001]; *Sherri v Gerwell*, 262 AD2d 394 [1999]).

In opposition, the plaintiff failed to raise a triable issue of fact as to implausibility, collusion, or implied permission so as to require the issue of consent to be submitted to a jury (*see Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172 [2006]; *Tsadok v Veneziano*, 65 AD3d at 1132; *Padilla v Felson*, 28 AD3d 530 [2006]; *Naidu v Harwin*, 281 AD2d at 525-526).

Accordingly, the Supreme Court should have granted Amaya's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Moreover, the plaintiff's contention that Amaya's motion was premature and should have been denied pursuant to CPLR 3212 (f) is improperly raised for the first time on appeal and, thus, is not properly before this Court (*see Aglow Studios, Inc. v Karlsson*, 83 AD3d 747 [2011]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.