(November 14, 2013)

 ISIDRO LEON, Respondent, v CITYWIDE TOWING, INC., et al., Defendants, and SHLOMO ZION, Appellant. [974 NYS2d 448]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered September 21, 2012, which denied the motion of defendant Shlomo Zion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

Plaintiff was injured when, while riding his bicycle, he was caused to fall to the ground when the rear wheel of his bike was allegedly struck by a vehicle registered to Zion. Plaintiff stated that the vehicle was driven by a "John Doe" defendant, who, after the collision, exited the vehicle and physically assaulted plaintiff, before driving away. The record shows that at the time of the accident, Zion's vehicle had been in the possession of defendant Citywide Towing, Inc. (Citywide).

Vehicle and Traffic Law § 388 (1) "makes every owner of a vehicle liable for injuries resulting from negligence in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner" (*Murdza v Zimmerman*, 99 NY2d 375, 379 [2003] [internal quotation marks omitted]). Proof of ownership of a motor vehicle creates a rebuttable presumption that the driver was using the vehicle with the owner's express or implied permission, and the presumption may only be rebutted with "substantial evidence sufficient to show that a vehicle was not operated with the owner's consent" (*id.* at 380).

Here, Zion's motion for summary judgment was properly denied since he failed to establish that his vehicle was operated without his consent. The only evidence offered was Zion's affidavit that he left the vehicle with Citywide to repair hinges on the driver's side door, but that he never gave permission to Citywide's employees to drive it. Zion's affidavit states that he chose Citywide because he was friends with the owners, one of whom called Zion after the accident to inform him that they had found a buyer for the vehicle, and Zion subsequently went to Citywide's facility to complete the title transfer and sale several days after the accident. Thus, triable issues exist as to whether the vehicle was at Citywide solely for repairs or whether Zion authorized Citywide to sell the vehicle in which case the car could be test driven with Zion's consent. Hence Zion's blanket denial that he did not provide consent to Citywide for his car to be driven, without more, does not constitute the evidence required to warrant dismissing the complaint (*see Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 178 [2006]).

Furthermore, the record shows that the John Doe defendant was later identified and charged only with the criminal assault upon plaintiff, but not with operating a stolen vehicle, and Citywide regained possession of the vehicle after the incident, but never reported it as stolen. Significantly, discovery has yet to take place, and the John Doe defendant's relationship to Citywide has not been established.

We have considered Zion's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.