■ JOHN STAROPOLI, as Executor of ANTHONY STAROPOLI, Deceased, et al., Plaintiffs, v AGRELOPO, LLC, et al., Defendants, WESTBURY JEEP CHRYSLER DODGE, INC., Doing Business as WESTBURY JEEP, Respondent, and MITCHELL A. LEWIS, Appellant. [24 NYS3d 722]—

In an action to recover damages for personal injuries, the defendant Mitchell A. Lewis appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered November 13, 2014, as denied his motion for summary judgment dismissing the cross claims interposed by the defendant Westbury Jeep Chrysler Dodge, Inc., doing business as Westbury Jeep, insofar as asserted against him, to strike the sixth and seventh affirmative defenses interposed in that defendant's answer, and for certain declaratory relief.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 5, 2013, a vehicle operated by Anthony Staropoli was struck by a vehicle operated by the defendant Mitchell A. Lewis (hereinafter the appellant). Staropoli died at the scene of the accident. The appellant's vehicle was a "loaner," owned by the defendant Westbury Jeep Chrysler Dodge, Inc.,

doing business as Westbury Jeep (hereinafter Westbury), which was on loan to his wife, Lynquoria Phillips, while her car was being repaired by Westbury. Staropoli's estate commenced this action against, among others, the appellant and Westbury. In its answer, Westbury asserted, inter alia, cross claims against the appellant for contribution and indemnification, and two affirmative defenses, the sixth and seventh, both of which alleged that the appellant was a nonpermissive user of the loaner vehicle. The appellant moved to strike these affirmative defenses, to dismiss the cross claims, and for certain declaratory relief, asserting that he was a permissive user of the loaner vehicle at the time of the accident and that Westbury was vicariously liable. The Supreme Court denied the appellant's motion.

Section 388 (1) of the Vehicle and Traffic Law provides that the owner of a motor vehicle is liable for the negligence of anyone who operates the vehicle with the owner's express or implied consent (*see Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 178 [2006]; *Tsadok v Veneziano*, 65 AD3d 1130, 1132 [2009]; *Headley v Tessler*, 267 AD2d 428 [1999]). There is a presumption that the operator was driving the vehicle with the owner's express or implied consent (*see Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]; *Tsadok v Veneziano*, 65 AD3d at 1132). This presumption may be rebutted by "substantial evidence" sufficient to show that the vehicle was not operated with the owner's consent (*Matter of State Farm Mut. Auto. Ins. Co. v Ellington*, 27 AD3d 567, 568 [2006]; *see Panteleon v Amaya*, 85 AD3d 993, 994 [2011]; *see also Manning v Brown*, 91 NY2d 116 [1997]; *Tsadok v Veneziano*, 65 AD3d at 1132).

Pursuant to CPLR 3211 (b), a "party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference (*see Warwick v Cruz*, 270 AD2d 255 [2000]; *Abney v Lunsford*, 254 AD2d 318 [1998]). In addition, if there is any doubt as to the availability of a defense, it should not be dismissed (*see Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2008]; *Becker v Elm A.C. Corp.*, 143 AD2d 965 [1988]).

Here, the loaner car agreement (hereinafter the agreement) that Phillips executed with Westbury prior to receiving the vehicle generally allowed the appellant, as her spouse, to drive the vehicle. However, such permission was conditioned upon

other terms within the agreement. Among these terms were Phillips's agreement that she would not allow the loaner vehicle to be operated by "anyone who is not a qualified and licensed driver" or by "anyone whose driver's license in any state has been revoked or suspended within the previous 3 years, even if he or she now possesses a valid driver's license."

The evidence submitted by Westbury, and, in particular, its submission of an extract of the appellant's driver license record from the New York State Department of Motor Vehicles, provided substantial evidence to rebut the presumption that the appellant was a permissive user of the loaner pursuant to Vehicle and Traffic Law § 388 at the time of the accident. Accordingly, the appellant was not entitled to dismissal of the subject affirmative defenses, since such defenses were not " 'without merit as a matter of law' " (*Greco v Christoffersen*, 70 AD3d 769, 771 [2010], quoting *Vita v New York Waste Servs., LLC*, 34 AD3d 559, 559 [2006]). Nor was the appellant entitled to a declaration that he was a permissive user of the vehicle.

For similar reasons, the Supreme Court also properly denied that branch of the appellant's motion which was to dismiss Westbury's cross claims for indemnification and contribution (*see generally North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281 [1993]; *see also Lancer Ins. Co. v Republic Franklin Ins. Co.*, 304 AD2d 794 [2003]; *cf. Motors Ins. Corp. v Africk*, 55 AD3d 571, 572 [2008]). Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.