American Country Ins. Co. v Umude (2019 NY Slip Op 07516)





American Country Ins. Co. v Umude


2019 NY Slip Op 07516


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10134N 26031/14

[*1] American Country Insurance Company, Plaintiff-Respondent,
v
Mark Umude, et al., Defendants, Anthony Rodriguez, et al., Defendants-Appellants.


Law Offices Of Alexander Bespechny, Bronx (Luis A. Badolato of counsel), for appellants.
Shearer PC, Locust Valley (Mark G. Vaughan of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben Barbato, J.), entered July 6, 2017, which to the extent appealed from as limited by the briefs, granted plaintiff American Country Insurance Company's motion for summary judgment for a declaration that it is not obligated to provide coverage to defendants, unanimously affirmed, without costs.
Plaintiff submitted substantial evidence to rebut the presumption that defendant Mark Umude, the brother of plaintiff's insured, Amoghene Umude, was operating Amoghene's vehicle with Amoghene's permission at the time of the accident (see Vehicle and Traffic Law § 388[1]; Tsadok v Veneziano, 65 AD3d 1130, 1132 [2d Dept 2009]; Panteleon v Amaya, 85 AD3d 993, 994-995 [2d Dept 2011]). In addition to Amoghene's uncontradicted testimony that he did not give his brother permission to use the vehicle and was asleep when his brother took the keys and crashed it, Amoghene promptly reported to the police that Mark did not have his permission to use the vehicle, and subsequently filed an official complaint concerning Mark's unauthorized use. Mark was indicted and criminally prosecuted in connection with his unauthorized operation of the vehicle (see Tsadok at 1132; cf. Leon v Citywide Towing, Inc., 111 AD3d 464, 465 [1st Dept 2013]).
Defendants failed to submit competent evidence suggesting implausibility, collusion, or implied permission so as to require the issue of consent to be submitted to a jury (see Country-Wide Ins. Co. v National R.R. Passenger Corp., 6 NY3d 172, 178 [2006]). Contrary to defendants' argument, Amoghene did not delay in informing the police after he learned of the unauthorized use (cf. Motor Veh. Acc. Indem. Corp. v Levinson, 218 AD2d 606, 607 [1st Dept 1995]).
Written statements from nonparties alleging Mark's prior use of the vehicle were not submitted in admissible form, because, even though they were notarized, they contained no jurat or any other indication that the signatories had been sworn, or even a statement from the signatories as to the truth of the matters to which they subscribed their names (see Lillo-Arouca v Masoud, 163 AD3d 646, 647 [2d Dept 2018]; Matter of MacKenzie v Ghartey, 131 AD3d 638, 638-639 [2d Dept 2015], lv denied 25 NY3d 914 [2015]; cf. Collins v AA Truck Renting Corp., 209 AD2d 363 [1st Dept 1994]). The motion court also properly determined that the remaining hearsay evidence about Mark's prior use of the vehicle for business purposes was insufficient to [*2]defeat summary judgmen (see Gonzalez v 1225 Ogden Deli Grocery Corp., 158 AD3d 582, 584 [1st Dept 2018]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK