22-22 Jackson Ave. Owner LLC v Yue Fang (2025 NY Slip Op 50362(U))

[*1]

22-22 Jackson Ave. Owner LLC v Yue Fang

2025 NY Slip Op 50362(U)

Decided on March 20, 2025

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2025
Civil Court of the City of New York, Queens County

22-22 Jackson Avenue Owner LLC, Petitioner,

against
Yue Fang, John Doe, Jane Doe, Respondents.

Index No. L&T 321636/23

Jake Sperber, Esq.
Paul Croce, Esq.
SKH Heiberger LLP
New York, NY
Attorneys for petitioner
Brian McCaffrey, Esq.
McCaffrey & Associates, P.C.
Jamaica, NY 
Attorneys for respondent

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of petitioner's motion, pursuant to CPLR § 3211(b), to strike respondent' affirmative defenses counterclaims, and for summary judgment and related relief pursuant to CPLR § 3212:
Papers Numbered
Notice of Motion and All Documents Annexed 1 (NYSCEF #8-15)
Revised Notice of Motion 2 (NYSCEF #16) 
Affirmation in Opposition and All Documents Annexed 3 (NYSCEF #20-23)
Affirmation in Reply and All Documents Annexed 4 (NYSCEF #24-27)
Upon the foregoing cited papers, the decision and order on petitioner's motion is as follows.
PROCEDURAL HISTORY
This summary holdover proceeding, filed in December 2023, is predicated on a 7-day notice of termination. The petition alleges that the subject premises are subject to rent stabilization. Respondent Yue Fang (hereinafter "respondent") filed an answer with [*2]counterclaims via counsel in June 2024. Petitioner then brought the instant motion to strike respondent's affirmative defenses and counterclaims, and for summary judgment. After submission of opposition and reply papers, the court heard argument on October 29, 2024 and reserved decision.
DISCUSSION/CONCLUSION
A. Motion to Strike Respondent's Answer and Affirmative Defenses.
Pursuant to CPLR § 3211(b), "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." In reviewing a motion to dismiss a defense or defenses under the statute, "the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference . . . [and] if there is any doubt as to the availability of a defense, it should not be dismissed." (Staropoli v Agrelopo, LLC, 136 AD3d 791, 792 [2d Dept 2016]). However, defenses that consist only of "conclusions of law without any supporting facts" are subject to dismissal (see Fireman's Fund Ins. Co. v Farrell, 57 AD3d 721, 723 [2d Dept 2008]). On a CPLR § 3211(b) motion, "a party may 'remedy any defects' in a pleading by submitting evidence in opposition[.]" (Lewis v US Bank N.A., 186 AD3d 694, 697 [2d Dept 2020] [quoting Benjamin v Yeroushalmi, 178 AD3d 650, 653 [2d Dept 2019]).
The court first considers the request to strike the first and second affirmative defenses. Both defenses challenge personal jurisdiction; the first denies service of the notice of petition and petition by certified or first-class mail, while the second asserts that the affidavit of service filed with the court is defective insofar as it alleges service by certified and first-class mail. Petitioner argues that these defenses are conclusory and insufficient as a matter of law.
It is well established that a process server's facially-sufficient affidavit of service creates a presumption of proper service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2d Dept 2014]; Tzifil Realty Corp. v Temammee, 46 Misc 3d 144[A], 2015 NY Slip Op 50196[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In order to rebut the presumption and justify a traverse hearing, a respondent must "submit a sworn, nonconclusory denial of service." (Temammee, 2015 NY Slip Op 50196[U], *2; see also ACT Props., LLC v Garcia, 102 AD3d 712, 713 [2d Dept 2013] [Defendant's "conclusory and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the process server's affidavits of service."]). Upon review of petitioner's affidavit of service for the notice of petition and petition, it describes conspicuous place service with two attempts before affixing on the entrance door and mailings by certified and first-class mail within one business day of affixing. Thus, petitioner has established a presumption of proper service pursuant to RPAPL § 735 upon the face of the affidavit of service. Respondent's mere allegation of non-receipt of the mailings is not adequate to warrant a traverse hearing on the service of the notice of petition and petition (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 23 [2d Dept 2019] ["[A] mere denial of receipt is insufficient to rebut a presumption of mailing[.]"]; Chun Zhe Qu v Min Suk Choi, 82 Misc 3d 1202[A], 2024 Slip Op 50219[U] [Civ Ct, Queens County 2024]). Accordingly, respondent's first and second affirmative defenses are dismissed for lack of merit.
As for the third affirmative defense, it seeks dismissal because petitioner did not serve the predicate notice (notice of termination) pursuant to Real Property Law (RPL) § 232-a. Petitioner seeks dismissal of this defense on the basis that the notice was served by certified and regular mail, as required by the lease. RPAPL § 232-a requires service of a notice to terminate a [*3]month-to-month tenancy in New York City according to the requirements of RPAPL § 735. A rent-stabilized tenancy is not a month-to-month tenancy (see Fairfield Beach 9th, LLC v Shepard-Neely, 74 Misc 3d 14, 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021] ["A rent-stabilized tenancy cannot be monthly because the respective rights and responsibilities of a landlord and tenant under a month-to-month tenancy cannot be reconciled with the respective rights and responsibilities of a landlord and tenant of a rent-stabilized apartment."]). As the Rent Stabilization Code does not specify the manner of service for notices of termination, the terms of the lease govern service (see Benben v DiMartini, 4 Misc 3d 135[A], 2004 NY Slip Op 50778[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]; Frischer v Goldner, 76 Misc 3d 1226[A], 2022 NY Slip Op 51060[U] [Civ Ct, Kings County 2022]).
Petitioner annexes the lease, which in Paragraph 26 provides that notices may be delivered personally, sent by registered or certified mail, or sent by email. As the notice of termination is accompanied by an affidavit of service describing service by certified and first-class mail (with proof of receipts), petitioner has established compliance with its service obligations under the lease. As respondent's conclusory statement that service of the notice of termination was not in accordance with RPL § 232-a is not sufficient to raise a traversable issue (see 1711 Boone Ave. LLC v Alhudais, 84 Misc 3d 127[A], 2024 NY Slip Op 51449[U], *2 [App Term, 1st Dept 2024]; Marmon Realty Group, LLC v Khalil, 72 Misc 3d 136[A], 2021 NY Slip Op 50733[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]), the third affirmative defense is dismissed.
Petitioner next seeks dismissal of respondent's fourth affirmative defense. The fourth affirmative defense alleges that the petition fails to state necessary facts pursuant to RPAPL § 741. While petitioner seeks dismissal of this defense on the basis that it is meritless, the defense sounds in failure to state a cause of action. A defense of failure to state a cause of action is "'harmless surplusage'" and should not be dismissed (see Butler v. Catinella, 58 AD3d 145, 150 [2d Dept 2008] [quoting Citibank [S.D.] N.A. v. Coughlin, 274 AD2d 658, 660 [3d Dept 2000]]). Thus, petitioner's request to dismiss the fourth affirmative defense is denied.
Petitioner also seeks dismissal of respondent's counterclaims. The first counterclaim is based on common law retaliatory eviction. The counterclaim alleges that respondent made good-faith complaints about conditions and references Department of Housing Preservation and Development (HPD) violations issued in or around January 2019. The counterclaim concludes that petitioner commenced this proceeding in retaliation of respondent's complaints and assertion of her rights. Petitioner argues that complaints made 5 years prior cannot be the basis of a retaliatory eviction claim, since Real Property Law (RPL) § 223-b only applies to complaints made within one year before the retaliatory conduct.[FN1]

To the extent that the common law retaliatory eviction defense continues to coexist with Real Property Law § 223-b (see Weil v Kaplan, 175 Misc 3d 482, 485 [App Term, 2d Dept, 9th & 10th Jud Dists 1997]; Kew Gardens Assocs v Regan, 106 Misc 2d 267, 269-270 [Civ Ct, Queens County 1980]), petitioner is correct that respondent would not benefit from the [*4]rebuttable presumption of retaliation after a good-faith complaint is made one year or less before the service of the notice to quit or institution of the proceeding that is found in the statute.[FN2]
While the court envisions certain fact-patterns where more than a year elapses after a good-faith complaint is made where retaliatory eviction may still apply (such as during the first two years of the COVID-19 pandemic or if a party endured a protracted illness), the nearly five years between any alleged complaints and violations here and the commencement of this proceeding (even with the intervening period of March 2020 through January 2022, when cases were subject to various stays because of COVID-19 laws and orders) is far beyond any reasonable timeframe in which retaliation could be claimed to occur. Accordingly, respondent's first counterclaim is dismissed.
The second counterclaim raises a breach of the warranty of habitability and seeks an order to correct.[FN3]
While petitioner argues that the counterclaims are meritless because respondent did not specifically assert that she gave petitioner notice of the conditions alleged, including bedbugs, mice infestation, and broken flooring, the answer states that petitioner "knew or should have known" about the conditions, which suffices for the purpose of pleading a claim (see Sinclair v Ramnarace, 36 Misc 3d 150, 2012 NY Slip Op 51671[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012] [Requiring only that landlord "had notice of the conditions complained of."] [internal citations omitted]). As petitioner seeks use and occupancy in the petition, the warranty of habitability claim is relevant in this holdover proceeding (see Stahl Assoc. LLC v Alexandersson, 66 Misc 3d 1225[A], 2020 NY Slip Op 50251[U] [Civ Ct, NY County 2020]). Moreover, the court may entertain an order to correct to enforce housing standards pursuant to Civil Court Act § 110(c) (see D'Agostino v Forty-Three E. Equities Corp., 16 Misc 3d 59, 61 [App Term, 1st Dept 2007]). Accordingly, the court denies the request to dismiss respondent's second counterclaim.
Finally, respondent's third counterclaim seeks costs, disbursements, and legal fees related to petitioner's restriction on respondent's access to the pool and utilities. Petitioner argues that respondent is not entitled to legal fees under RPAPL § 702. While there is an open question as to whether fees as a prevailing party may be awarded in summary proceedings after the enactment of RPAPL § 702 (compare Caprice Assoc. v Martel, 81 Misc 3d 704, 709-710 [Sup Ct, NY County 2023], with Underhill Realty Co., LLC v Almonte, 2024 NY Slip Op 33468[U] [Civ Ct, Bronx County 2024]), respondent's third counterclaim insufficiently pleads a nexus between the alleged restrictions on respondent and her purported entitlement to costs and fees. Therefore, the court dismisses respondent's third counterclaim, without prejudice.
Based upon the foregoing determinations, petitioner's motion to strike pursuant to CPLR [*5]§ 3211(b) is granted to the extent that respondent's first, second, and third affirmative defenses, and first and third counterclaims are dismissed. The motion is otherwise denied.
B. Motion for Summary Judgment.
Petitioner seeks summary judgment, arguing that there are no issues of material fact in dispute as to its allegations that respondent breached her lease by illegally subletting the apartment and/or renting it to short-term guests through Airbnb. Respondent opposes the motion for summary judgment in its entirety.
On a summary judgment motion, "the proponent . . . must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact[.]" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [internal citations omitted]). Moreover, the "evidentiary proof [must be] in admissible form." (Friends of Animals, Inc. v Associated Fur Mfrs., Inc., 46 NY2d 1065, 1067-1068 [1979]; see also Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Upon a review of the evidence submitted in support of petitioner's summary judgment motion, the court finds that petitioner has not met its prima facie burden of demonstrating that no material issues of fact exist. Petitioner annexes a deed (albeit uncertified), an unauthenticated copy of the purported lease between the parties, proof of mailing for the notice of termination, and purported screenshots of Airbnb advertisements. Additionally, petitioner proffers an affidavit by Jose Rodriguez, the managing agent for petitioner.
The bulk of petitioner's prima facie evidence, including the deed, the lease, and screenshots from a third-party website, is inadmissible. Without the requisite certifications or authentication necessary to lay an evidentiary foundation, the evidence is hearsay. Moreover, although the petition alleges that the premises is subject to rent stabilization, there is no proof annexed showing that the premises is actually registered with DHCR (see Villas of Forest Hills Co. v Lumberger, 128 AD2d 701, 702 [2d Dept 1987] ["[T]he need to plead rent regulatory status and compliance with the appropriate statutes and codes and to actually be in compliance therewith is necessary for a court to order the requested relief."] [emphasis added]).
Additionally, the affidavit from Jose Rodriguez is not sufficiently specific to establish either of petitioner's claims of illegal sublet or unlawful Airbnb usage. Mr. Rodriguez conclusorily states that he discovered that respondent was using the apartment for short-term rentals and found an advertisement on Airbnb in or around November 2023 (Rodriguez Aff., ¶¶ 6-7). He also states, without details such as dates, names, or duration, that "always different people . . . use Respondent's Apartment," "Respondent is rarely seen entering or leaving the building," and "building management and tenants have often seen many different people access the apartment, coming and going as they please." (Rodriguez Aff., ¶ 11). An illegal sublet requires a showing that an occupancy is "by virtue of a right that cannot be revoked for a fixed period of time." (445/86 Owners Corp. v Haydon, 300 AD2d 87, 88 [1st Dept 2002]). This is generally demonstrated by the existence of some contractual agreement with the alleged sublessees or facts specifically indicating a right to occupancy by the sublessee for a fixed period of time (see 888 E. 96th St., LLC v Hargrove, 61 Misc 3d 137[A], 2018 NY Slip Op 51558[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Petitioner's motion does not establish the existence of a sublet under this appellate standard.
Additionally, a claim based on commercialization and profiteering from short-term rentals generally requires a showing of subletting "at market rates to realize substantial profits not lawfully available to the landlord, . . . systematically, [and] for a substantial length of [*6]time[.]" (Goldstein v Lipetz, 150 AD3d 562, 563 [1st Dept 2017], appeal dismissed sub nom. Pearce v Lipetz, 30 NY3d 1009 [2017]; Aurora Assoc. LLC v Hennen, 157 AD3d 608, 608 [1st Dept 2018]; 220 W. 93rd St., LLC v Stavrolakes, 33 AD3d 491 [1st Dept 2006], lv denied 8 NY3d 813 [2007]). When the "nature and frequency" of any short-term rentals do not constitute profiteering and/or commercialization, eviction will not result (see 261/271 Seaman Ave. LLC v Jordaan, 65 Misc 3d 141[A], 2019 NY Slip Op 51714[U] [App Term, 1st Dept 2019]). Here, petitioner's evidence is devoid of any specific information about the length of any short-term rentals nor what was charged. As noted previously, the screenshots of purported Airbnb advertisements are not admissible, and, in any event, they do not establish that any guest paid respondent. Finally, while petitioner annexed Department of Buildings summonses regarding illegal occupancies to its reply papers, evidence submitted for the first time in reply cannot satisfy petitioner's prima facie burden (see HSBC Bank USA, N.A. v Sene, 219 AD3d 1499, 1501 [2d Dept 2023]; Emigrant Bank v Cohen, 205 AD3d 103, 112 [2d Dept 2022]).[FN4]

Accordingly, petitioner's motion for summary judgment is denied. The proceeding will be restored to the Part B (Room 403) calendar for trial transfer on May 6, 2025 at 9:30 AM. This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: March 20, 2025
New York, New York
HON. CLINTON J. GUTHRIE, J.H.C

Footnotes

Footnote 1:Petitioner argues that the period is 6 months, but this was amended to one year with the amendment of RPL § 223-b as part of the Housing Stability and Tenant Protection Act of 2019 (see Lee v Herron, 81 Misc 3d 133[A], 2023 NY Slip Op 51377[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]).

Footnote 2:The court is persuaded that the public policy interests inherent in preventing retaliatory evictions are sufficient for common law retaliatory eviction claims to be adjudicated in appropriate circumstances (see Edwards v Habib, 397 F2d 387, 399-401 [DC Cir 1968]; Mobil Oil Corp. v Rubenfeld, 48 AD2d 428, 432 [2d Dept 1975], affd 40 NY2d 936 [1976]).

Footnote 3:The answer has two headings stating "Second Counterclaim" but the paragraphs that encompass them (24-34) are all related to breach of the warranty of habitability and the request for an order to correct. Therefore, the court considers the entirety of those paragraphs to constitute the second counterclaim.

Footnote 4:The court notes that the summonses predate the filing of petitioner's motion.