**COUNTRY WIDE INSURANCE COMPANY, Defendant–Appellant,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, also known as Amtrak, Defendant–Appellee.**

**Hui Haw So, Pyong Mun So, and Christina So, Plaintiffs.**

**No. 04–0513–CV.**

United States Court of Appeals, Second Circuit.

Feb. 22, 2006.

Joseph D. Nohavicka, Jaffe & Nohavicka, New York, New York, for Defendant–Appellant.

William G. Ballaine, Landman Corsi Ballaine & Ford P.C., New York, New York, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the *22nd* day of *February,* two thousand and six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant–Appellant Country Wide Insurance Company appeals from a December 16, 2003 order of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge* ), granting summary judgment in favor of Defendant–Appellee National Railroad Passenger Corporation ("Amtrak"). After hearing argument, we certified five questions to the New York Court of Appeals concerning the circumstances under which the presumption effectively created by § 388(1) of the New York Vehicle and

the plain language of the mandatory repayment clause belies Citadel's claim of ambiguity.

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

478

Traffic Law—that a driver of a vehicle has the owner's permission to drive the vehicle—may be overcome, sufficiently to warrant summary judgment in the owner's favor, by uncontradicted evidence from the owner and the driver denying such permission. *Country Wide Ins. Co. v. Nat'l R.R. Passenger Corp.*, 407 F.3d 84 (2d Cir. 2005). The New York Court of Appeals accepted certification, *Country Wide Ins. Co. v. Nat'l R.R. Passenger Corp.*, 5 N.Y.3d 728, 799 N.Y.S.2d 767, 832 N.E.2d 1183 (2005), and has now rendered a decision on the certified questions, *Country Wide Ins. Co. v. Nat'l R.R. Passenger Corp.*, 6 N.Y.3d 172, 811 N.Y.S.2d 302, 844 N.E.2d 756 (2006), holding that when both the owner and driver deny that the driver had the owner's permission to use the vehicle, "whether summary judgment is warranted depends on the strength and plausibility of the disavowals, and whether they leave room for doubts that are best left for the jury," *id.* at 179, 811 N.Y.S.2d 302, 844 N.E.2d 756. Applying that holding to the facts of this case, the opinion further states that "[i]n view of the evidence that overcame the presumption of consent, with nothing on the other side of the scale, summary judgment for Amtrak is consistent with New York law." *Id.* at 180, 811 N.Y.S.2d 302, 844 N.E.2d 756. We concur.

Accordingly, the judgment of the District Court is hereby **AFFIRMED**.