| |
|---|
| **Adamson v Leopold** |
| 2025 NY Slip Op 30018(U) |
| January 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154152/2021 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. JAMES G. CLYNES** | PART 22M |
| *Justice* | |

-----------------------------------------------------------------X

GRANTIEAH I ADAMSON,

                      Plaintiff,

             - v -

ROBIN LEOPOLD, KEVIN FLOWERS and
MERCEDES-BENZ MANHATTAN, INC.,

                      Defendants.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154152/2021 |
| MOTION DATE | 02/21/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 39, 40, 41, 44, 45, 46, 48

were read on this motion to/for           JUDGMENT - SUMMARY      .

    This is a personal injury action brought by plaintiff Grantieah I Adamson (Adamson) in connection with a motor vehicle action. Defendants are Robin Leopold (Leopold), the alleged owner of a motor vehicle bearing license plate number CSH8061; Kevin Flowers (Flowers), the employee at Mercedes-Benz Manhattan, Inc. (MBM Inc.) who allegedly operated the vehicle at the time of the accident; and MBM Inc. The accident occurred on October 14, 2020, on a public roadway located in front of 555 West 57th Street (in New York County), when the vehicle came into contact with a pedestrian, Adamson, and allegedly caused her physical injuries. Defendant Leopold interposed an answer with crossclaims; defendants Flowers and MBM Inc. also filed an answer. Defendant Leopold currently moves for an order pursuant to CPLR 3212 for summary judgment and dismissal of the complaint and any crossclaims as against her on the ground that she did not breach a duty to plaintiff and for summary judgment on her crossclaims for indemnification against co-defendants Flowers and MBM Inc. Flowers and MBM Inc. do not oppose the motion.

    In support of her motion, Leopold provides an affidavit from non-party, Kenneth Leopold (Mr. Leopold), her husband (NYSCEF Doc. No. 31). The affidavit provides that Leopold owns the 2020 Mercedes Benz bearing New York license plate CSH8061, which Mr. Leopold brought

154152/2021 ADAMSON, GRANTIEAH I vs. LEOPOLD, ROBIN ET AL
Motion No. 001

Page 1 of 6

[* 1]

to MBM Inc. on October 14, 2020, to have the windshield camera calibrated (*id.*, ¶¶ 2, 8,11). He spoke with "Mr. Pires," and left the key with him (*id.*, ¶ 12). Mr. Leopold represents that he was not explicitly told that the vehicle would be driven outside of MBM Inc., located at 770 11th Avenue, as a part of the service, and that he did not give express or implied consent for MBM Inc.'s employees to do so (*id.*, ¶¶ 4, 13). Mr. Leopold explains that on the following day, he went to pick up the vehicle, paid the invoice, and left. He states that he was not informed that a car accident had occurred while the car was in the possession of MBM Inc. Allegedly, he found out a few days later, when he received communication from the car insurance company. Mr. Leopold then contacted MBM Inc. to inquire about the accident and a service representative briefly informed him about the incident (*id.*, ¶¶ 14, 15, 16, 17, 18, 19). At this point, Mr. Leopold explains, he also inspected the vehicle but did not see any damage. He followed up by requesting a copy of the accident Police Report from the DMV website. Upon inspecting the Police Report, he learned that Flowers was the employee at MBM Inc. who was operating the vehicle at time of the accident (*id.*, at ¶¶ 20, 21).

Leopold attaches a copy of her deposition transcript in support of her motion (NYSCEF Doc. No. 30). At the deposition, she explained that although she has a driver's license, she is not the primary driver of her vehicle; that she uses her vehicle infrequently; and that her husband is the driver of her vehicle, and he handles most maintenance and issues with the car (*Id.*, p 11 lines 23-25, p 16 lines 5-7). She explained that her husband dropped off and picked up her vehicle at MBM Inc. (*id.*, p 19 lines 15-17, p 22 lines 20-22), and that her husband notified her of the incident (*id.*, p 12 lines 6-14). She stated that she did not know whether the dealership told her husband that the vehicle would require a test drive because she did not communicate with anyone from MBM Inc. Instead, all communications were made to her husband (*id.*, p 17 lines 22-25, p 18 lines 1-5).

Leopold also attaches a copy of Flowers' deposition transcript (NYSCEF Doc. No. 33). Flowers represented that he has worked for MBM Inc. for over 15 years as a Master Certified Technician (*id.*, p 10 lines 2-7). He explained that at the time of the incident, he was operating Leopold's vehicle because he was assigned the job, and therefore had authorization to do so (*id.*, p 20 lines 18-24, p 21 lines 5-9). He explained that at the time of the incident he was parked on

154152/2021 ADAMSON, GRANTIEAH I vs. LEOPOLD, ROBIN ET AL
Motion No. 001

Page 2 of 6

2 of 6

[* 2]

58th Street by the BMW driveway (*id.*, p 16 lines 2-13, p 27 lines 5-14, p 28 lines 13-16). Flowers stated that he put the car in reverse because the person in front of him asked him to move the car back (*id.*, p 32 lines 2-6); and while slowly moving in reverse, he looked back from the left side mirror and saw a person on the left side of the car, and then pushed the brake. He explained the person struck the car with her hand (*id.*, p 37 lines 13-20, p 89 lines 20-23). Afterwards, he stated, the woman continued to walk up the street, but she returned to Leopold's car approximately 10-15 minutes later. Police officers arrived and a police report was filed (*id.*, p 53 lines 5-25, p 57 lines 22-25). At the deposition, Flowers explained that he did not observe the woman having issues walking after the incident (*id.*, p 92 lines 19-24). Flowers stated that he did not speak with Leopold prior to or after the incident (*id.*, p 23 lines 9-12).

Defendant argues that the facts of this case fall under a bailment theory. Specifically, defendant asserts that since MBM Inc. had sole and exclusive possession of the vehicle while it was being serviced, including during the incident, and MBM Inc.'s negligence proximately caused plaintiff's injuries, Leopold does not owe a legal duty to plaintiff. Furthermore, since Flowers is an employee of MBM Inc., MBM Inc. should be held vicariously liable through the common law theory of respondeat superior, because the negligent act was committed during the course of his employment. Defendant concludes that MBM Inc. and Flowers are the tortfeasors; therefore, they are the proper defendants. As the passive owner, Leopold argues that she should be indemnified.

In opposition, plaintiff argues that Leopold's husband acted as her agent when he delivered the car to MBM Inc., and when he gave the keys to Mr. Pires, he gave implied consent for MBM Inc. to drive the car. Furthermore, plaintiff argues that Leopold has a non-delegable duty under New York Vehicle and Traffic Law ("VTL") 388. Plaintiff asserts that the statute expands the scope of liability of the vehicle owner beyond common law vicarious liability, and under the expanded scope, Leopold should be held vicariously liable. Plaintiff concludes that summary judgment is not appropriate here because material issues of fact exist as to whether Leopold gave permission and authority to co-defendants to operate her vehicle.

In reply, Leopold argues that she has established her entitlement to summary judgment. She states that even when viewing facts in the light most favorable to plaintiff, plaintiff's argument

154152/2021  ADAMSON, GRANTIEAH I vs. LEOPOLD, ROBIN ET AL
Motion No. 001

Page 3 of 6

[* 3]

that defendant did not expressly limit co-defendants from operating the vehicle is unavailing because there is evidence supporting that defendant relinquished possession and control of her vehicle when her husband turned over the keys to co-defendants.

Under the common-law rule, a vehicle owner could only be held liable for the negligence of a driver under agency theory, or respondeat superior. However, this has been altered by VTL 388 (see *Morris v Snappy Car Rental*, 84 NY2d 21 [1994]). Section one of the statute provides, in relevant part:

> "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by a person using or operating the same with the permission, express or implied of such owner."

The statute establishes a rebuttable presumption that an operator of a vehicle has the owner's permission to do so. It is construed liberally to expand an owner's liability, so that a party with a personal injury caused by the operator of a vehicle can also have recourse against the owner, who may be financially responsible (see *Hardeman v Mendon Leasing Corp.*, 87 AD2d 232, 236-237 [1st Dept 1982]). To overcome the rebuttable presumption, the owner must present substantial evidence that the vehicle was operated without consent (*Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]). Without more, the vehicle owner's uncontradicted testimony that the vehicle was being operated without their consent, does not overcome the presumption (*Hernandez v Key*, 2016 NY Slip Op 30249[U] [Sup Ct, Bronx County 2016]). Furthermore, "disavowals by both the owner and the driver, without more, should not automatically result in summary judgment for the owner" (*Country-Wide Ins. Co. v National R. R. Passenger Corp.*, 6 NY3d 172, 178 [2006]). The statute does not assess the owner's own negligence, but rather focuses on whether there was "permission, express or implied" (*see* VTL 388 [1]).

Here, the issue is whether Mr. Leopold's actions created permission, express or implied, for MBM Inc.'s employees to drive the car when he handed the keys to Mr. Pires. During her deposition, Leopold specifically stated "...I am not a driver of the vehicle...My husband is a driver. I use the car infrequently." (NYSCEF Doc. No. 30 p 11, lines 23-25). Throughout the deposition, she reiterated her and her husband's relationship to the car, as her husband being the

frequent driver, and her husband being the one that drove the car to MBM Inc. on October 14, 2020. When asked if she gave permission to the dealer, she stated "I was not there. My permission was given to my husband" (*id.*, p 17 lines 10-11). It is undisputed that Mr. Leopold had permission to operate the vehicle. It is also undisputed that Mr. Leopold specifically had permission to operate the vehicle on the day he brought the vehicle to MBM Inc. to be serviced. There is nothing indicating that this permission was revoked at any time or that it was limited in nature. While operating the vehicle with Leopold's consent, Mr. Leopold brought the vehicle to MBM Inc. and tendered the keys of the car to Mr. Pires, with the intention of having the car serviced. His express request that MBM Inc. fix the car gave it implied consent to operate the vehicle. There is nothing indicating Mr. Leopold ever revoked or limited this consent. In his affidavit, Mr. Leopold stated that he did not give express or implied permission for MBM Inc. to drive the vehicle outside of the facility (NYSCEF Doc. No. 31 ¶ 13), but the statement is unpersuasive, as it was foreseeable that when he handed over the car for servicing, the employees at MBM Inc. would drive the car. Further, the statement does not explain how MBM Inc. would have known or should have known of his alleged withholding of consent to areas beyond the MBM Inc. facility, specifically the public roadway.

Similarly, in *Murdza v Zimmerman* (99 NY2d 375 [2003]), the plaintiff was struck by a vehicle driven by the defendant's boyfriend. The defendant was an employee of the lessee, Brown and Williamson Tobacco Corp. (B&W), who leased the vehicle from D.L. Peterson Trust (the Trust) and PHH Fleet America Corp. (PHH). B&W, the Trust, and PHH moved for summary judgment. Murdza argued that B&W, the Trust and PHH were owners as defined under Vehicle and Traffic Law. The corporate defendants cross-moved for summary judgment. B & W argued that restrictions in their employee handbook established that Zimmerman drove the vehicle without consent, and the other corporate defendants argued that those handbook restrictions also precluded their liability. The defendants' motion was granted, and the complaint was dismissed as against them. On appeal, the court stated that VTL establishes a rebuttable presumption that the vehicle was being operated with the owner's consent. The *Murdza* court explained that B&W's handbook explicitly restricted who may or may not operate its vehicle and therefore rebutted the presumption,

154152/2021 ADAMSON, GRANTIEAH I vs. LEOPOLD, ROBIN ET AL
Motion No. 001

Page 5 of 6

5 of 6

but PHH and Trust did not benefit from the restrictions and did not limit their ownership liability under VTL 388.

"[T]he proponent of a summary judgment motion must make a prima facia showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Here, Leopold fails to provide substantial evidence to support her position. As stated, Mr. Leopold's position that there was no implied consent is unpersuasive in light of the foreseeability that a car being serviced may require a test drive on the public streets. Furthermore, Leopold's argument that she was a passive owner and MSM Inc. was a bailor does not overcome the presumption of liability or provide a defense to her liability under VTL 388. Finally, Leopold's unopposed motion for indemnification is denied; since liability has not yet been determined, the issues is premature.

Accordingly, it is

ORDERED that the defendant Robin Leopold's motion for summary judgment and dismissal of plaintiff Grantieah I. Adamson's complaint is denied; and it is further

ORDERED that the defendant Robin Leopold's motion for crossclaims against co-defendants Kevin Flowers and Mercedes-Benz of Manhattan Inc. for indemnification is denied; and it is further

ORDERED that within thirty days from the date of this Decision and Order, Plaintiffs shall serve a copy of this Decision and Order with Notice of Entry upon opposing counsel and upon the Clerk of this Court and the General Clerk's office.

This constitutes the Decision and Order of this Court.

| 1/6/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | JAMES G. CLYNES, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

154152/2021  ADAMSON, GRANTIEAH I vs. LEOPOLD, ROBIN ET AL
Motion No. 001

Page 6 of 6