Spoto v Matos (2025 NY Slip Op 00205)

Spoto v Matos

2025 NY Slip Op 00205

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 156083/19 Appeal No. 3482 Case No. 2023-06558 

[*1]Anthony Spoto, Plaintiff-Respondent,
v
Leonardo E. Matos, Defendant, Donna D. Piard, Defendant-Appellant, Y&H Garages, Defendant-Respondent.

Montfort, Healy, McGuire & Salley LLP, Garden City (Magda DeMoya Coyle of counsel), for appellant.

Order, Supreme Court, New York County (James G. Clynes, J.), entered October 5, 2023, which denied defendant Donna D. Piard's motion for summary judgment dismissing plaintiff's negligence claim against her and on her cross-claim against defendants Y&H Garages and Leonardo E. Matos, unanimously affirmed, without costs.
Supreme Court correctly denied Piard's motion for summary judgment dismissing plaintiff's negligence claim (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). As the owner of the vehicle that crashed into the back of plaintiff's vehicle, Piard is liable for injuries to persons or property resulting from the negligent use or operation of her vehicle "by any person using or operating the same with [her] permission, express or implied" (Vehicle and Traffic Law § 388[1]). Piard failed to rebut the presumption that defendant Matos, who was driving her vehicle at the time of the accident, was using her vehicle with her express or implied permission (see Murdza v Zimmerman, 99 NY2d 375, 380 [2003]). In that regard, Piard failed to offer substantial evidence sufficient to show that her vehicle was not operated with her consent, as she proffered only her own affidavit disavowing consent, without any statements or testimony from either Matos or Y&H, his employer, or any documentary evidence (see Murdza v Zimmerman, 99 NY2d at 380; compare Country-Wide Ins. Co. v National R.R. Passenger Corp., 6 NY3d 172, 177-179 [2006]). Notably, at this stage plaintiff had not had the opportunity to depose either Piard or Y&H's witness (see CPLR 3212[f]).
Contrary to Piard's contention, the law of the case does not apply here (see Matter of Jose V., 214 AD3d 523, 523 [1st Dept 2023]). Plaintiff is not a party to the related action arising from the same three-car accident, joined with the instant action for trial, in which Piard's summary judgment motion dismissing plaintiff's claim against her was granted, upon renewal, after party depositions were taken.
Supreme Court also properly denied summary judgment on Piard's cross-claim against Y&H, since the affidavit proffered by Y&H raised an issue of fact as to whether Matos was acting "in furtherance of [Y&H's] business and within the scope of
employment" (Rivera v State of New York, 34 NY3d 383, 389-390 [2019] [internal quotation marks omitted]).
We have considered Piard's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025